W. H. STRAUSS, on behalf of himself and others v. CAROLINA INTERSTATE BUILDING & LOAN ASSOCIATION.

*Building & Loan Associations—Receiver's Duties as to Appeals—Powers of Sale in Mortgages—Order of Distribution.*

1. The rules for the adjustment of the affairs of insolvent Building & Loan Associations laid down in this case on the former appeal (117 N. C., 308) affirmed.

2. A receiver appointed by the court cannot exercise the powers of sale contained in a mortgage to the corporation of which he is the receiver; nor can the court confer such a power upon him until the mortgagor is properly before the court.

3. Orders for the distribution of a fund among creditors should not be made until the fund is in court. Such orders may be made at any time as to funds then in court.

4. It is the duty of a receiver to appeal when he thinks the party or corporation he represents has not had justice. But it is not his duty to appeal in the interests of one creditor or stockholder as against another, as they can look after their own interests.

CIVIL ACTION, heard upon petition in the cause, in a creditor's bill, entitled *Strauss,* on behalf of himself and

all other creditors, &c. v. *Carolina Interstate B. & L. Association,* by *Graham, J., at Chambers,* in October, 1895.

The order made, and from which the receivers and non-borrowing members of the Association appealed, is as follows :

" This action coming on to be heard before his Honor, *A. W. Graham, Judge presiding* in the sixth judicial district, *at Chambers,* at Clinton, North Carolina, on the 11th day of October, 1895, by consent of all parties thereto, upon the petition of Iredell Meares and P. B. Manning, Receivers of the defendant the Carolina Interstate Building and Loan Association, praying the court for direction and instruction as to the winding up and settlement of the affairs of said corporation, with and among the members and shareholders thereof, and the same being argued by counsel for said receivers and borrowing members of said defendant corporation respectively and considered by the court ;

" The court rejects all of the plans of settlement suggested in the petition of said receivers, and now orders, adjudges and decrees, and the said receivers are hereby advised and directed to wind up, adjust and settle the affairs of said corporation defendant, and distribute the assets thereof among the respective members or shareholders of said corporation upon the principles and in the manner following, that is to say : In the settlement with members of said corporation who have borrowed money therefrom and secured the said loan either by a pledge of stock or by pledge of stock and mortgage on property and who are now indebted to said Association, the said receivers shall charge the said borrowing member with the amount of money loaned to him by said Association, charging interest thereon from the date of said loan to the 24th of July, 1895, at the rate of 6 per cent. per annum. And said

members shall be credited with all sums of money paid in by him, whether paid as dues, fines, premiums or in any other manner, and also with interest on all of said payments from the respective dates thereof until the said 24th day of July, 1895, and the sum so ascertained shall be deducted from the amount of the loan to said member by the Association, and the balance remaining shall· be the debt due and owing by said member to the said Association, and shall bear interest from the said 24th day of July, 1895, until paid at the rate of 6 per cent. per annum, and be secured by the mortgage executed by said member to the Association securing the original loan. And upon the payment of said balance so ascertained, with all interest thereon, the mortgage given as aforesaid shall be discharged by said receivers according to law.

" That the said receivers shall ascertain as aforesaid the amount due by each and every member or shareholder of said Association, and shall notify him in writing of the same and demand payment thereof, and if the said amount due by said member shall not be paid within thirty days after service of said notice, the said receivers shall in their discretion proceed, either under the power of sale contained in said mortgage or by proceedings in the proper court having jurisdiction, to foreclose said mortgage and sell the property conveyed thereby upon such terms as to said receivers shall seem best or said court may prescribe. And in those cases where only a pledge of stock was made as security for the loan, upon such default the said receivers shall in their discretion bring suit against the member personally to recover the balances due said Association by him. Upon the ascertainment in the manner aforesaid of the balance due by the borrowing members to the Association and the payment thereof, such borrowing member shall cease to be a member of said Association, and shall be

discharged from all further liability to said Association either as debtor or stockholder, and shall have no right to participate in the distribution of the assets of said Association, but his stock shall be deemed cancelled and surrendered.

"All sums of money collected from borrowing members as hereinbefore directed shall be held by said receivers and applied by them, with all other assets of said Association, first, to the payment of costs, charges and expenses of executing the trust of said receivership; secondly, to the payment of the creditors of said Association in full; and the residue thereof shall be distributed equally and ratably among the non-borrowing members of the Association in proportion to the amounts paid in by them respectively upon the shares of stock held by them, including the interest upon said several payments from the average date thereof until the said 24th day of July, 1895.

"And the court doth retain this cause for further direction."

Iredell Meares and P. B. Manning, the receivers of the defendant corporation and the non-borrowing shareholders of said corporation, make the following assignment of errors to the order of the Honorable *A. W. Graham, Judge,* made on October 17th, 1895, in the above entitled action, to-wit:

"Second. That the court erred in advising and directing the receivers of the said defendant corporation to wind up, adjust and settle the affairs of said corporation and distribute the assets thereof among the respective members or shareholders of said corporation upon the principles and in the manner following, that is to say: "In the settlement with members of said corporation who have borrowed money therefrom and secured the said loan either by a pledge of stock or by pledge of stock and mortgage on

property, and who are now indebted to said Association, the said receivers shall charge the said borrowing member with the amount of money loaned to him by said Association, charging interest thereon from date of said loan to the 24th day of July, 1895, at the rate of 6 per cent. per annum. And said member shall be credited with all sums of money paid in by him, whether paid as dues, fines, premiums or in any other manner, and also with interest on all of said payments from the respective dates thereof until the said 24th day of July, 1895, and the sum so ascertained shall be deducted from the amount of the loan to said member by the Association, and the balance remaining shall be the debt due and owing by said member to the said Association, and shall bear interest from the said 24th day of July, 1895, until paid, at the rate of 6 per cent. per annum, and be secured by the mortgage executed by said member to the Association securing the original loan. And upon the payment of said balance so ascertained, with all interest thereon, the mortgage given as aforesaid shall be released and discharged by said receivers according to law."

Third. That the court erred in holding that, "upon the ascertainment in the manner aforesaid of the balance due by the borrowing members to the Association and the payment thereof, such borrowing member shall cease to be a member of said Association and shall be discharged from all further liability to said Association either as debtor or stockholder, and shall have no right to participate in the distribution of the assets of the Association, but his stock shall be deemed cancelled and surrendered."

Fourth. That the court erred in holding that "all sums of money collected from borrowing members as hereinbefore directed shall be held by said receivers and applied by them, with all other assets of said Association, first, to the payment of the costs, charges and expenses of execut-

ing the trust of said receivership; secondly, to the payment of the creditors of said Association in full; and the residue thereof shall be distributed equally and ratably among the non-borrowing members of the Association in proportion to the amounts paid in by them respectively upon the shares of stock held by them, including the interest upon said several payments from the average date thereof until the 24th day of July, 1895."

*Messrs. Ricaud & Weill* and *E. S. Martin*, for Receivers (appellants).

*Messrs. Allen & Dortch*, for borrowers.

FURCHES, J.: At the last Term, upon the application of the receivers, we undertook to give them such directions as we thought necessary to enable them to proceed with their work in collecting the assets of this insolvent Association, to the end that the rights and interests of all parties might be finally adjusted and settled. And the case coming on for further directions upon the opinion of this Court, his Honor, at January Term, 1896, entered up another judgment from which the *receivers* and the non-borrowing members again appealed. And in this appeal we are asked to review and modify the opinion heretofore given; and if we cannot, or do not do that, then we are asked to review the judgment of the court as made. We do not admit that it would be consistent with the practice of this Court for us to review the opinion at the last Term, in this way. It is not the mode pointed out by the published rules of practice of the Court. But, as it was in the nature of instructions to the receivers who act under authority from the Court, we have re-examined what we then said and find no reason to change or modify the opinion. The object the Court had in view was a fair and equitable adjustment between all parties mutually inter-

118—36

ested in the concern.   And, upon a re-examination of the
matter, we are satisfied that the instructions then given
are sustained by reason and authority, and, if followed,
will result in substantially effecting the purpose we
intended.   The modification mostly insisted on was that
part where it is said, " We know of no law authorizing the
receivers to foreclose the mortgages under the powers con-
tained in the mortgages."  And, upon a reconsideration of
this, we do not wish to change what we then said.   The
receivers have no legal estate in the mortgaged property,
and instead of the case of *Dameron v. Eskridge,* 104
N. C., 621, sustaining the right of the receivers to foreclose
under the powers, it seems to us to sustain the other view.
It may be possible, if this point was presented in a case
before the Court, a foreclosure by the receivers under the
powers contained in the mortgages might be sustained.
But if we were to so hold in this matter—where the mort-
gagors are not before the court—it would be but *obiter*
and they would not be bound by it.   So without discuss-
ing the matter further, we think there is sufficient reason
why we should make no change in what was said when
the case was here at the last Term.

We have no doubt that his Honor intended to observe the
ruling of this Court in his judgment; but we do not think he
did so.   We expressly declined to give any direction as to
the distribution of the fund.   We said this should not be
done until the fund is in court.   And his Honor's judgment
directs the receivers " to collect and distribute the assets
thereof among the respective members or shareholders of
said corporation, upon the principles and in the manner fol-
lowing."   This was in violation of the opinion of this Court
—a distribution was not intended to be made, and should
not be made until funds are in court to be distributed.   Of
course the receivers should be authorized to use such funds

in their hands as may become necessary to defray expenses of collection. But they should not pay out or distribute any other money, except under the order of the court after it has been collected and reported to the court. Such order may be made at any time upon the fund then in court.

This folowing paragraph of his Honor's judgment is objected to by appellants, to-wit : "And upon the payment of said balance so ascertained, with all interest thereon, the mortgage given as aforesaid shall be released and discharged by the receivers according to law." This paragraph is not provided for in the opinion at last Term, nor does it conflict with anything then said, unless it tends to disturb the equitable adjustment therein provided for. We are not sufficiently advised as to what result it would have upon the final settlement to say whether or not it is in violation of the rules we have laid down for final settlement. If it would disturb this rule of equitable adjustment, then it should be left out. But if it does not do this, we see no objection to it. It should be settled upon a consideration of the principle of equitable adjustment, as we have stated and which his Honor will fully investigate. But the receivers will not act upon this paragraph until it is considered and passed upon by the court below upon the filing of this opinion.

We call attention to the fact that the receivers are appellants now and at the last Term, when it does not appear that any question is presented in which the corporation is interested. There are cases in which it is the duty of receivers to appeal, where they think the party or corporation they represent has not had justice. But it is not considered to be their duty to appeal in the interest of one portion of the corporators—stockholders—against the other. And as to their duties, it is expected they will

observe the directions of the court from whom they received their appointments. If any of the parties interested as corporators think the judge's instructions are erroneous and injurious to them, they may appeal. Let this opinion be certified.

Error.