J. S. THOMPSON et als. v. NORTH CAROLINA BUILDING AND
LOAN ASSOCIATION.

*Building and Loan Associations—Insolvency—Receivers—Fore-*
*closure of `Mortgages by Trustee—Credits to Borrowing Stock-*
*holders—Fines—Distribution of Assets of Building and Loan*
*Associations.*

1. In the settlement of the affairs of an insolvent building and loan asso-
ciation, a borrowing member is entitled to have credit for fines
paid by him.
2. While the receiver of an insolvent building and loan association can-
not, without an order of foreclosure, sell property mortgaged to
the concern, yet, when the debts to it are secured by a deed to a
trustee, he may sell under the power in the deed without an order
of court.
3. It is the duty of a trustee, who sells property conveyed to secure the
debts of a borrowing member of a building and loan association in
the hands of receivers, to pay all proceeds to the receiver, although
in excess of the amount due the association, inasmuch as the mort-
gagor is a member as well as a debtor of the concern and his lia-
bility cannot be ascertained until it is known to what extent the
concern is insolvent.
4. The receiver of an insolvent building and loan association should pay
out no money, except for necessary expenses in making collections,
without the order of the court.

CIVIL ACTION, pending in the Superior Court of MECKLEN-
BURG county, instituted by the plaintiffs as stockholders of
the defendant corporation, for the appointment of a receiver
and to have paid to them, the plaintiffs, the amounts due
to them on paid-up stock. Receivers were appointed, who
made a report to the court that the assets would not be
sufficient to repay to the stockholders the amounts they
had paid into the association, made certain recommenda-
tions and asked the court for instructions and orders. His
Honor, W. L. Norwood, Judge Presiding, made the fol-
lowing order:

"Upon reading and considering the petition of J. W. Keerans and E. T. Cansler, receivers, it is ordered that the said receivers be directed to call upon the borrowing members of the North Carolina Building and Loan Association to pay into their hands the net amount due from the said borrowing members to the association, the amount so due and called for to be ascertained as follows: that is to say, by charging the borrowing member with the sum paid to him by the association, and interest thereon according to contract, and giving him credit for all sums paid in by him with like interest thereon, *except fines collected*, if any, the matter of said fines to be left open for future settlement under a further order of this court; and that if any borrowing member shall fail to respond to this call within a reasonable time after it is made, W. C. Maxwell, trustee, and the receivers shall proceed to exercise the power of sale conferred upon W. C. Maxwell by such borrowing member and fully set out in the deed of trust made by him, and, out of the proceeds of the sale of the property thus made, the said trustee shall pay to the receivers the amount due to the association according to the rule of the Mills case, and shall hold the balance of the purchase money subject to the further order of this court and the final adjustment of the account between the borrowing member and the receivers and the association.

"The receivers will make no further call upon such of the borrowing members as will respond to the call directed by this order, until further direction of the court   They will report hereafter, as soon as practicable, the exact status of the affairs of the corporation, and the amount of deficiency of its assets, to the end that an adjustment of such loss or deficiency may be made among the members of the association, and no mortgage or trust deed made for the benefit of the association shall be cancelled or marked satisfied by

the trustee or receivers until a final adjustment of the account between the borrowing member and the association is made under the order of the court."

The plaintiff, John P. Long, excepted to and appealed from the said order upon the following grounds:

"I. That the court ordered that the said receivers be directed to call upon the borrowing members of the North Carolina Building and Loan Association to pay into their hands the net amount due from the said borrowing members to the association, the amount so due and called for to be ascertained as follows, that is to say, by charging the borrowing member with the sum paid to him by the association, and interest thereon according to the contract, and giving him credit for all sums paid in by him with like interest thereon, except fines, if any, the amount of such fines to be left open for future settlement under a further order of this court, the said John P. Long, contending that the court had no right to order a settlement to be made in the manner aforesaid, and especially that the court had no right to exclude from the said settlement the fines paid by the borrowing members.

"II That the court ordered that if any member should fail to respond to said call within a reasonable time after it is made, W. C. Maxwell, trustee, and the receivers should proceed under the power given in the deeds of trust to sell the land conveyed thereby and, out of the proceeds of the sale, that the trustee should pay the receivers the amount due the association according to the rule of the Mills case and should hold the balance of the purchase money subject to the further order of this court and the final adjustment of the account between the borrowing member and the receivers, and the association, the said John P. Long contending that the court or Judge had no right to make any such order, or to order a sale of the land under

the deed of trust and the application of the proceeds and the retention of the balance of the purchase money, as above set forth.

"III. That the court further ordered that no further call be made on such of the borrowing members as responded to the call directed by said order, until the further direction of the court, and that the receivers report as soon as practicable the exact status of the affairs of the corporation and the amount of the deficiency of the assets, to the end that an adjustment of such loss or deficiency may be made among the members of the association and that no mortgage or trust deed made for the benefit of the association shall be cancelled or marked satisfied by the trustee or receivers until the final adjustment of the account between the borrowing members and the association is made under the order of the court, the said John P. Long contending that the court had no right to make such an order, and especially that the court had no right to withhold an adjustment and settlement from the borrowing member and the association or the receivers, until a report is made by the receivers and the status of the association and the amount of the deficiency of its assets, if any, is ascertained, and especially the court had no right to order that no mortgage or deed of trust made for the benefit of the association should be cancelled or marked satisfied by the trustee or receivers until a final adjustment between the borrowing member and the association, under the rule laid down by the court, thereby depriving the mortgagor or borrowing member or trustor from settling with the association upon payment of the amount justly due by him."

*Mr. G. F. Bason*, for plaintiffs (appellants).
*Messrs. C. E. McLean, P. D. Walker* and *F. I. Osborne*, for defendant.

FURCHES, J.: The first exception of the appellant, Long, is sustained, so far as it extends to fines being allowed to the creditors of the association in the settlement of their debts to the concern. This is expressly so held in *Strauss* v. *B. & L. A.*, 117 N. C., 318, and approved in the same case, 118 N. C., 556. We cannot distinguish this case from that, although this is attempted to be done by counsel.

It is also contended that the order is not applicable, as it is left open for future adjustment. But we can see no reason for leaving open a question that this court has in direct terms decided, and afterwards approved, unless it is supposed that time will change the law. But, as it is a payment the party has made upon his debt, he is entitled, as a matter of right, to have it allowed him on settlement.

The second and third exceptions of the appellant, as understood in the light of his brief, can best be considered together. They relate to the directions to the trustee and receivers selling under the mortgage of the appellant, and as to their retaining the proceeds of sale until a final settlement. We said in Strauss *v.* B. & L. A., *supra*, that the receivers did not have the right to sell without an order of foreclosure. This was correct in that case, as the mortgages were made to the association. But in this case, Maxwell, the trustee, is a party whose duty it was to foreclose the mortgage if default was made, and to pay the money to the association. This being so, it would seem that he might still sell under the power given to him in the mortgage. But we can see no reason why he should not pay all the proceeds of such sale over to the receivers, who are bonded officers, to be held by them until the settlement of the concern.

It is contended that the residue is the appellant's money, and there is no reason why it should not be paid to him at once. But as reasonable as this appears to be, it is not

true; for the reason that it leaves out of consideration the fact that the appellant is a member of the association, as well as a debtor. That as such member, his indebtedness is a trust fund for the benefit of the other members of the concern, as well as for himself; and that his liability cannot be known until it is ascertained to what amount the association is insolvent.

As is said in Strauss *v.* B. & L. A., *supra*, no money should be paid out by the receivers, except for necessary expenses in making collection, but upon the order of the court. This rule may work a hardship in some instances, but it is necessary to the protection of the other members and creditors of the association.

It is said in the order that settlements may be made under *Mills* v. *B. & L. A.*, 75 N. C., 292. We do not know that we understand this part of the order. Strauss' case, *supra*, is the latest enunciation by this court upon the subject of winding up insolvent building and loan associations. And, while we do not understand Strauss' case to announce any doctrine in conflict with Mills' case, *supra*, but to be in entire harmony with that opinion, it discusses and provides for different phases arising in that case, and in this, that were not presented in Mills' case

Therefore, what is said in Strauss' case and in this opinion will be sufficient, as we think, to enable the court to make proper orders for the direction of the receivers in this case. There is error, as is pointed out above.

Error.