"The defendants in the above entitled action show to the court —
"1. That at the January Term, 1897, of this Court, upon the complaint herein filed, a decree by consent was rendered against the defendants, adjudging the defendants, Samuel J. Davis, A. H. (127) Zoeller and V. E. Zoeller, to be indebted to the plaintiff receivers in the sum of $4,345.86, with interest thereon from 26 July, 1895, such sum being alleged and ascertained as set forth in the complaint, and also adjudging that the property described in the complaint be foreclosed.
"In said decree it was set forth that — *Page 126 
"Counsel for all parties agree that nothing in this decree shall preclude the defendant from contending before the court, before final decree is signed, for a further credit of 30 per cent of the amount paid to the Carolina Interstate Building and Loan Association; and if such contention shall be found in their favor, that the amount of the judgment herein rendered for the debt due shall be amended accordingly, and if found against them, then said judgment as herein rendered shall stand."
"2. That sufficient of the property described in the complaint was sold under foreclosure by the commissioner herein appointed, and the said sum so adjudged to be due the plaintiffs was paid, with the costs in this action, out of the proceeds of said sale.
"3. That according to the statement of account attached to the complaint, the defendants were due on their mortgage to the plaintiff receivers, on 5 July, 1894, the sum of $5,316.66, which is admitted to be true; that there were due by the plaintiff association on the stock of these defendants, as shown by said statements, after allowing all credits, with average interest, the sum of $1,274.58, which is admitted to be true, being the nominal value of such stock at the time of insolvency, as set forth in the complaint; that of this nominal value of stock the defendants were credited by the plaintiff receivers with only the (128) sum of $892.21, being 70 per cent of the nominal value of said stock, under the plan heretofore directed by the court in the general suit wherein the receivers were appointed.
"4. That the receivers did not credit to these defendants the remaining 30 per cent of the nominal value of said stock, to-wit, the sum of $382.37, because, as they alleged in the complaint, the said sum represents the prorata share of the loss sustained by the association, for which these defendants, as claimed by said receivers, are liable.
"5. The defendants do not dispute the amount of $382.37 to be correct, if in the settlement of their mortgage debt they are chargeable at all with any pro rata of the losses sustained by the association, but defendants allege that they are entitled in the settlement of their mortgage to the credit of the said amount, and are not liable to be charged for any prorata of the general losses sustained in the settlement of the debt secured by the said mortgage.
"6. Defendants admit that the account attached to the said complaint is correctly stated, according to the mode of settlement prescribed under the order of his Honor, Judge Coble, but they deny that the plan of settlement prescribed by the court and demanded by the receivers is in harmony with the decisions of the Supreme Court of this State.
"Wherefore, the defendants ask that the receivers be directed to pay over to them the said sum of $382.37, charged by them against these defendants and paid to said receivers out of the proceeds of the sale of said property." *Page 127 
At September Term, 1897, of NEW HANOVER, his Honor, Allen, J., refused the petition, and defendants appealed.
This is a petition in the cause, filed by the defendant corporator of the insolvent Carolina Interstate Building and Loan Association. It asks the judge to make an order requiring the (129) receivers to pay the petitioners $382.27, now in the hands of the receivers, arising from a sale of the defendant petitioner's property. It is admitted that $382.27 is their pro rata proportion of the deficiency of this defaulting association.
To grant the order asked for would be to relieve the petitioners from the burdens of the defalcations of their insolvent association, at the expense of their associate corporators.
We cannot discuss this proposition. It has so recently been discussed and decided by this Court that we will only refer to these cases —Strauss v. B. and L. Assn., 117 N.C. 308; s.c., 118 N.C. 556; Thompsonv. B. and L. Assn., 120 N.C. 420. These cases seem to settle the question raised by the petition, especially the last case cited, where the very question is discussed.
The court properly refused to make the order prayed for, and the ruling of the court below is
Affirmed.
Cited: Meares v. Duncan, 123 N.C. 206; Williams v. Maxwell, ib., 595;B. L. Assn. v. Blalock, 160 N.C. 492.