IREDELL MEARES, et al., Receivers of the Carolina Inter State Building and Loan Association v. SAMUEL J. DAVIS, et al.

*Building and Loan Association—Insolvent Corporation—Borrowing Stockholder—Distribution of Proceeds of Sale of Stockholder's Mortgaged Property.*

A stockholder of an insolvent Building and Loan Association, who was also a borrower of its money on mortgage, is not entitled to have the excess of the proceeds of the sale of his mortgaged property, over the mortgage debt, paid to him, when his *pro rata* share of the deficiency in the assets of the concern is equal to such excess.

In an action for the foreclosure of a mortgage pending in NEW HANOVER Superior Court, the defendants filed the following petition in the cause:

"The defendants in the above entitled action show to the Court:

First.—That at the January term, 1897, of this Court upon the complaint herein filed, a decree by consent was rendered against the defendants, adjudging the defendants Samuel J. Davis, A. H. Zoeller and V. E. Zoeller to be indebted to the plaintiff Receivers in the sum of Four Thou-

sand, Three Hundred and Forty-Five and 86-100 dollars, with interest thereon from July 26th, 1895, such sum being alleged and ascertained as set forth in the complaint; and also adjudging that the property described in the complaint be foreclosed.

In said decree it was set forth that:

"Counsel for all parties agree, that nothing in this decree shall preclude the defendants from contending before the Court before final decree is signed, for a further credit of 30 per cent. of the amount paid to the Carolina Inter-State Building & Loan Association, and if such contention shall be found in their favor, that the amount of the judgment herein rendered for the debt due shall be amended accordingly, and if found against them then said judgment as herein rendered shall stand."

Second—That sufficient of the property described in the complaint was sold under foreclosure by the Commissioner herein appointed and the said sum so adjudged to be due the plaintiffs was paid with the costs in this action out of the proceeds of said sale.

Third.—That according to the statement of account attached to the complaint, the defendants were due on their mortgage to the plaintiff Receivers, on July 5th, 1894, the sum Five Thousand, Three Hundred and Sixteen and 66-100 dollars, which is admitted to be true; that there were due by the plaintiff Association on the stock of these defendants, as shown by said statement, after allowing all credits, with average interest, the sum of Twelve Hundred and Seventy-four and 58-100 dollars, which is admitted to be true, being the nominal value of such stock, at the time of insolvency, as set forth in the complaint; that, of this nominal value of stock, the defendants were credited by the plaintiff Receivers with only the sum of $892.21, being 70 per cent. of the nominal value of said stock, under the plan

heretofore directed by the Court in the general suit wherein the Receivers were appointed.

Fourth.—That the Receivers did not credit to these defendants the remaining 30 per cent. of the nominal value of said stock, to-wit: the sum of $382.37, because, as they alleged in the complaint, the said sum represents the *pro rata* share of the loss sustained by the Association, for which these defendants as claimed by said Receivers are liable.

Fifth.—The defendants do not dispute the amount of $382.37 to be correct, if in the settlement of their mortgage debt they are chargeable at all with any *pro rata* of the losses sustained by the Association, but defendants allege that they are entitled in the settlement of their mortgage to the credit of the said amount and are not liable to be charged for any *pro rata* of the general losses sustained in the settlement of the debt secured by the said mortgage.

Sixth.—Defendants admit that the account attached to the said Complaint is correctly stated, according to the mode of settlement prescribed under the Order of his Honor Judge Coble, but they deny that the plan of settlement prescribed by the Court and demanded by the Receivers is in harmony with the decisions of the Supreme Court of this State.

WHEREFORE, the defendants ask that the Receivers be directed to pay over to them the said sum of $382.37, charged by them against these defendants, and paid to said Receivers out of the proceeds of the sale of said property."

At September Term, 1897, of NEW HANOVER Superior Court, his Honor, *Allen, J.*, refused the petition and defendants appealed.

*Messrs. Ricaud & Bryan* and *E. S. Martin*, for plaintiffs.
*Mr. J. D. Bellamy*, for defendant (appellant).

FURCHES, J.:  This is a petition in the cause filed by the defendant corporator of the insolvent "Carolina Inter-State

Building & Loan Association." It asks the Judge to make an order requiring the receivers to pay the petitioners $382.27 now in the hands of the receivers, arising from a sale of the defendant petitioner's property. It is admitted that $382.27 is their *pro rata* proportion of the deficiency of this defaulting Association.

To grant the order asked for would be to relieve the petitioners from the burdens of the defalcations of their insolvent Association, at the expense of their associate corporators.

We cannot discuss this proposition. It has so recently been discussed and decided by this Court that we will only refer to these cases—*Strauss* v. *B. & L. Asso.*, 117 N. C., 308; S. C., 118 N. C., 556; *Thompson* v. *B. & L. Asso.*, 120 N. C., 420. These cases seem to settle the question raised by the petition—especially the last case cited where the very question is discussed.

The Court properly refused to make the order prayed for, and the ruling of the Court below is

Affirmed.