IREDELL MEARES and E. B. MANNING, Receivers of the Carolina
Interstate Building and Loan Association, v. W. B. DUNCAN
and wife, EMILY F. DUNCAN.

(Decided November 9, 1898.)

*Building   and   Loan   Associations—Married   Women.*

A married woman who becomes a stockholder in a Building and Loan
Association, and also a borrower, her husband joining in the note
and mortgage on her land to secure the note, must contribute *pro
rata* to the expense and loss account in case of failure—just as she
would have participated in the profits if it had been a success

CIVIL ACTION for foreclosure of mortgage executed to
the Building & Loan Association by Emily F. Duncan
and her husband, tried before *Adams, J.*, at March
Term, 1898, of Superior Court of CARTERET County.

Emily F. Duncan became a stockholder in the Com-
pany and also a borrower of $1,000, for which she and
her husband gave their note, with a mortgage on her
land to secure it.

The Company failed and went into the hands of the
plaintiffs as receivers. Its liabilities, and costs and
charges of winding up amount to 30 per cent. of its
assets.

The defendant, Emily F. Duncan, claims that by
reason of her being a married woman she is not liable
for any portion of this deficiency. If her contention is
allowed, it was agreed that the amount due from her is
$498.66—but if she is liable then the balance due from
her, and for which her land is bound is $651.56, as
claimed by plaintiffs.

His Honor adjudged that she was liable for $498.66
and gave judgment of foreclosure for that amount.

Plaintiffs excepted and appealed.

*Messrs. Charles R. Thomas* and *Allen & Dortch*, for plaintiffs (appellants).

No counsel *contra*.

FURCHES, J.: The defendant Emily F. Duncan became one of the stockholders and incorporators of the "Inter-State Building and Loan Association of Wilmington"; that she subscribed for $1,000 of the capital stock of said concern which was issued to her; that she then borrowed $1,000 in money from said Association, and she and her husband W. B. Duncan executed their bond and obligation to said Association therefor. And at the same time, the defendant W. B. Duncan and his wife, the said Emily F., made and executed a mortgage on the real estate of the said Emily F., to secure the payment thereof.

This statement of facts, about which there is no dispute, shows that this is the debt of the defendant Emily F. Duncan, evidenced by the bond of her, and her husband, W. B. Duncan. *Mahoney* v. *Stewart*, at this term.

This debt was secured by the mortgage of the husband and wife on the wife's property. This made the mortgaged property liable to the plaintiff for whatever may still be due thereon. This we do not understand the defendants to dispute, and the single question presented for our consideration is as to whether there is still due on said debt the sum of $651.56, or only $498.66, with interest on the correct amount.

This corporation has become insolvent; a creditor's bill has been filed and it is now in the hands of the plaintiff receivers for liquidation and settlement. It has been ascertained that the defalcations of the concern and the costs and charges incident to the winding up

and closing out the same, amount to 30 per cent. of its assets. This is undisputed. But the defendant Emily F. claims that as she is a *feme covert*, she is not liable for this deficiency, but that she is entitled to have credited all that she has paid in to the concern upon her bond. And it is admitted that if she is so entitled, the amount still due is $498.66, but if she is liable for her part of the deficiency, then the balance due is $651.56.

The fund is now in the custody of a court of equity and to be administered according to the principles of equity. And as the defendant Emily F. is one of the corporators and entitled to her part of the profits of the concern, if any had been made, equity says that she must bear her part of the losses as other stockholders have to do. Were she not so liable, the whole equitable settlement of the concern would be destroyed. She got in the same boat with the other stockholders, and as it sank she has to take her chances of escape with the others, though she is a married woman. This is the equitable solution of the matter. But there is another solution that is more direct, and that is this :

As the expenses and losses had to be paid out of the assets of the concern, and they have been ascertained to be 30 per cent. thereof, and her note being a part of the assets, and this expense and deficiency having first to be paid, she can claim no credits on her bond until this is paid. So, she has not, in legal contemplation paid this 30 per cent. on her debt, but paid it to the concern, which went to the expense and loss account; and therefore she is not entitled to have it credited on her bond.

This matter has been very much discussed in *Strauss* v. *B. & L. A.*, 117 N. C., 308; 118 N. C., 556; *Thomas* v. *B. & L. A.*, 120 N. C., 420; *Meares* v. *Davis*, 121 N.

C., 126, and we think the principle involved in this case is settled by those cases.

In our opinion the defendant Emily F. Duncan, as well as her husband, is liable to the plaintiffs for $651.56 and interest, and judgment should have been entered for that amount. There is error in the judgment, to this extent.

Error.