LAUER et al. v. COVENANT BUILDING & LOAN ASS'N.

ASHMORE et al. v. ISELEY et al.

(Circuit Court, W. D. North Carolina. September 29, 1899.)

BUILDING AND LOAN ASSOCIATIONS—INSOLVENCY—STATUS OF BORROWING STOCKHOLDERS.

Under the law as settled by the courts of North Carolina, the fact that a stockholder in a building and loan association is a borrower does not change his relations to the association as a stockholder. In case of its insolvency, he is not relieved from liability to contribute equally with other stockholders to its losses, and is not entitled to a cancellation of his mortgage on payment of the mortgage debt, or to receive a surplus remaining in case the property is sold under the mortgage until the final adjustment of the accounts between the association and its stockholders.

In Equity. Supplemental opinion. For former opinion, see 96 Fed. 62.

SIMONTON, Circuit Judge. The opinion in this case filed on August 9, 1899, was directed exclusively to the discussion of the relations between the defendants and the Covenant Building & Loan Association as borrower and lender. The principle upon which the account in this aspect should be taken between them has been settled. But the defendants are stockholders in the associa-

tion, and as such are liable to the creditors of the association, and also must contribute with the other stockholders. They have had advanced to them the supposed par value of their shares, and have enjoyed the use of this part of the assets of the association. This, however, does not relieve them from the obligation of stockholders, nor would exact justice be done if they escape all such liability simply upon the repayment of the advance loaned to them. In deciding this case the court has followed the law as laid down in North Carolina. The supreme court of that state has used no uncertain language respecting the responsibility of a borrowing stockholder to the creditors and to the other stockholders. The whole doctrine is laid down in Thompson v. Association, 120 N. C. 420, 27 S. E. 118. The court below had entered an order that no mortgage or trust deed made for the benefit of the association shall be canceled or marked satisfied by the trustee or receiver until the final adjustment of the account between the borrowing members and the association is made under the order of court. This was excepted to, as operating to prevent the mortgagor or borrowing member or trustor from settling with the association upon payment of the amount justly due by him. The supreme court, overruling this exception, say:

"It is contended that the residue is the appellant's money, and there is no reason why it should not be paid to him at once. But, as reasonable as this appears to be, it is not true, for the reason that it leaves out of consideration the fact that the appellant is a member of the association as well as a debtor; that, as such member, his indebtedness is a trust fund for the benefit of the other members of the concern as well as for himself, and that his liability cannot be known until it is ascertained to what amount the association is insolvent."

This ruling was sustained in Meares v. Davis, 121 N. C. 126, 28 S. E. 188, and illustrated. The rubric is as follows:

"A stockholder of an insolvent building and loan association, who was also a borrower of its money on mortgage, is not entitled to have the excess of the proceeds of the sale of his mortgaged property over the mortgage debt paid to him when his pro rata share of the deficiency in the assets of the concern is equal to such excess."

See, also, Meares v. Duncan, 123 N. C. 203, 31 S. E. 476.

Such being the rule in North Carolina, let a final order be prepared adjusting the mortgage debt according to the principles of the former opinion, and directing that the proceeds of sale, after providing for this debt, be held subject to the further order of this court, and, in case this debt be adjusted without a sale, that no cancellation of the mortgage and no satisfaction be entered thereon until it is ascertained in what amount the association is insolvent, and, consequently, what contribution must be made by stockholders.