WILLIAM H. STRAUSS v. CAROLINA INTER-STATE BUILD-
ING AND LOAN ASSOCIATION.

*Building and Loan Association, Insolvency of—Stock-
holders—Borrowing and Non-Borrowing Members, rights
of—Mortgages—Power of Sale—Receivers—Distribu-
tion of Fund of Insolvent Building and Loan Associa-
tions.*

1. In case of the insolvency of a Building and Loan Association,
    every person having stock therein, whether as creditor or
    debtor, must be considered a corporator, and every member
    indebted to it must be treated as a debtor.

STRAUSS *v.* BUILDING & LOAN ASSOCIATION.

2. In winding up the affairs of a Building and Loan Association every borrowing member indebted to it must be charged with the amount actually received by him, with interest at 6 per cent. from the time the money was received, and must be credited with all amounts paid by him, whether as fines, penalties, interest, or weekly dues; and every non-borrowing member, must be credited with the sums paid in by him, with interest at 6 per cent. from the dates of such payments.

3. The appointment of a receiver for an insolvent Building and Loan Association causes the debts due to it by borrowing members immediately to mature, and they can be collected at once—a rule which is applicable only to such associations.

4. The power of sale in a mortgage to a corporation cannot be exercised by a receiver of such corporation; to foreclose the mortgage recourse must be had to an order of the court controlling such receiver.

5. The courts will not advise a receiver of an insolvent Building and Loan Association as to the mode of distributing its assets until they are in court.

CIVIL ACTION, pending in NEW HANOVER Superior Court, heard, by consent, before *Graham, J., at Chambers*, on the 11th day of October, 1895, on application of the receivers of the defendant corporation for instructions as to the method they should adopt in the collection and distribu-. tion of its assets.

The material parts of the petition and the judgment of his Honor are set out in the opinion of Associate Justice FURCHES. From the judgment of his Honor, the receivers and non-borrowing members of the defendant Association appealed.

*Messrs. E. S. Martin* and *Ricaud & Weill*, for appellants.

*Messrs. W. R. Allen* and *Jacob Battle*, for appellees.

FURCHES, J. : The defendant is what is called a Building and Loan Association, organized as a corporation under

the laws of North Carolina. Defendant becoming insolvent, the plaintiff brought an action in the Superior Court of New Hanover county to close out and wind up the concern. The petitioners Iredell Meares and P. B. Manning were appointed receivers, and filed their petition and asked instructions from the court, in which they say :

"Your receivers respectfully report to the Court that, in the attempt to collect the debts due to the defendant Association by its members, they are met with the difficulty of how to adjust the balances that may be due the Association, between the amount of the debt and the amount which may have been paid in by the borrowing members on their shares of stock. The complication arises from the fact that the borrowers, who are indebted to the Association, are likewise stockholders therein, and as stockholders, liable for their *pro rata* share of whatever losses that may have been incurred in the failure of the Association. If the relationship between the borrower and the Association was simply that of debtor and creditor, the balance could be easily ascertained. The Association, however, under its plan, loaned money only to its members, and these members made monthly payments on their stock, which when amounting, with accruing profits, to the par value of their stock, were expected to be applied to the extinguishment of their loan, the stock being then cancelled. The failure of the Association, however, eliminates the possibility of maturing the stock, and necessitates an equitable adjustment between its members for the collection and distribution of the assets."

Upon the hearing *Judge Graham* made the following order :

"This action coming on to be heard before his Honor *A. W. Graham*, *Judge* presiding in the sixth Judicial District, *at Chambers*, at Clinton, North Carolina, on the 11th day

of October, 1895, by consent of all parties thereto, upon the petition of Iredell Meares and P. B. Manning, Receivers of the defendant the Carolina Inter-State Building and Loan Association, praying the court for direction and instruction as to the winding up and settlement of the affairs of said corporation, with and among the members and shareholders thereof, and the same being argued by Counsel for said Receivers and borrowing members of said defendant corporation, respectively, and considered by the Court;

"The court rejects all of the plans of settlement suggested in the Petition of said Receivers, and now orders, adjudges and decrees, and the said Receivers are hereby advised and directed to wind up, adjust and settle the affairs of said corporation defendant and distribute the assets thereof among the respective members or shareholders of said corporation upon the principles and in the manner following, that is to say: In the settlement with members of said corporation who have borrowed money therefrom and secured the said loan either by a pledge of stock or by pledge of stock and mortgage on property and who are now indebted to said Association, the said Receivers shall charge the said borrowing member with the amount of money loaned to him by said Association, charging interest thereon from the date of said loan to the 24th day of July, 1895, at the rate of 6 per cent. per annum. And said member shall be credited with all sums of money paid in by him, whether paid as dues, fines, premiums or in any other manner, and also with interest on all of said payments from the respective dates thereof until the said 24th day of July, 1895, and the sum so ascertained shall be deducted from the amount of the loan to said member by the Association, and the balance remaining shall be the debt due and owing by said member to

the said Association, and shall bear interest from the said 24th day of July, 1895, until paid at the rate of 6 per cent. per annum, and be secured by the mortgage executed by said member to the Association securing the original loan.    And upon the payment of said balance so ascertained, with all interest thereon, the mortgage given as aforesaid shall be released and discharged by said Receivers according to law.

"That the said Receivers shall ascertain as aforesaid the amount due by each and every member or shareholder of said Association, and shall notify him in writing of the same and demand payment thereof, and if the said amount due by such member shall not be paid within thirty days after service of said notice, the said Receivers shall in their discretion proceed, either under the power of sale contained in said mortgage or by proceedings in the proper Court having jurisdiction, to foreclose said mortgage and sell the property conveyed thereby upon such terms as to said Receivers shall seem best or said Court may prescribe. And in those cases where only a pledge of stock was made as security for the loan, upon such default the said Receivers shall in their discretion bring suit against said member personally to recover the balances due said Association by him.    Upon the ascertainment in the manner aforesaid of the balance due by the borrowing members to the Association and the payment thereof, such borrowing member shall cease to be a member of said Association and shall be discharged from all further liability to said Association either as debtor or stockholder and shall have no right to participate in the distribution of the assets of said Association, but his stock shall be deemed cancelled and surrendered.

"All sums of money collected from borrowing members as hereinbefore directed shall be held by said Receivers and

STRAUSS *v.* BUILDING & LOAN ASSOCIATION.

applied by them, with all other assets of said Association, first, to the payment of costs, charges and expenses of executing the trust of said Receivership; secondly, to the payment of the creditors of said Association in full; and the residue thereof shall be distributed equally and ratably among the non-borrowing members of the Association in proportion to the amounts paid in by them respectively upon the shares of stock held by them including the interest upon said several payments from the average date thereof until the said 24th day of July, 1895.

"And the court doth retain this cause for further direction."

To the order of *Judge Graham*, the receivers and non-borrowing stockholders excepted and appealed.

This is a new question to us. But it seems to us that the parties have applied too much refinement to their theories of settlement, when one more simple, based on plain business methods, would be better. The receivers say, in their application for instructions, that the whole trouble grows out of the fact that all the parties interested are both stockholders and debtors to the concern; that if the debtors were not stockholders there would be no trouble in adjusting the matter. This being so, it seems to us to be of easy solution, by first considering every one, having stock in the concern, whether as creditor or debtor, as a corporator. Endlich on B. & L., Sec. 527. Then, consider each member, indebted to the concern, as a debtor, and you have the condition of things that the receivers say, if it existed, there would be no trouble in adjusting the whole matter. It seems to us that there can be no trouble in the mind, separating the parties interested upon the line we have indicated. And if this is so, it would seem that the greatest trouble in the way of a settlement has been removed.

But there are other matters to be considered. On the 24th of July, the first receiver was appointed, and the corporation ceased at that time. Endlich, *supra*, Section 528. This date is when the receivers' work commenced, and will be the dividing line between the work of the corporation and that of the receiver. Every one who held stock in the concern on that day, whether as a borrowing or non-borrowing member, is a corporator, and must so remain until the concern is closed out, and will be subject to the burdens and entitled to the benefits according to his amount of stock. Endlich, *supra.*

The capital of the concern will be the shares of stock it has issued, and which have not been redeemed. When redeemed in part, then only as to that part, unredeemed, and any other available assets it may have. Its assets will be what money and effects it had on hand on the 24th of July, 1895, including of course what debts were then owing to the corporation. In making collections of the borrowing members, they should only be charged with the amounts they have received. Endlich, *supra*, Sec. 527, 528. And under our statutes, as construed in *Rowland* v. *B. & L. A.*, 115 N. C., 825 (116 N. C., 877); *Meroney* v. *B. & L. A.*, 116 N. C., 882, these borrowing members can only be charged six per cent. interest on the amounts they received from the time they received them, and are entitled to credits on the amount for all they have paid into the concern since they borrowed the money, whether it was called fines, penalties, weekly dues, or by any other name. The non-borrowing members will be entitled to have interest computed on the amounts due them at the rate of 6 per cent. The receivers should be fully empowered by order of court to proceed to collect in the funds of the concern, and to do any other necessary act for the benefit of the concern, to employ attorneys if necessary, whose pay

must be fixed by the court. The appointment of the receivers of this insolvent corporation caused the debts and mortgages due the concern to mature, and they may be collected at once. Endlich, *supra*, Sec. 523. This rule only applies to insolvent Building & Loan Associations, so far as we have been able to see. But we know of no law that will authorize the receivers to foreclose under the power of sale contained in the mortgages, as we see they were made to the corporation, and the corporation alone is empowered to foreclose by sale.

At first we entertained some doubt as to whether we should review the judgment of the court below, and give instructions to the receivers. But as it seemed material, if not necessary to their work, we have gone as far as we thought we were authorized in doing. Beach on Receivers, Sec. 259. But we must decline to give any instruction as to the distribution of the funds, until the receivers have them in court. This we think is the well settled rule of equity. Therefore, the order appealed from will be modified and reformed in accordance with this opinion.

Judgment Modified.