IREDELL MEARES and P. B. MANNING, Receivers of The Carolina Inter-State Building and Loan Association, v. C. T. BUTLER and wife, ELLA LEE BUTLER.

(Decided November 15, 1898.)

*Wife's Liability when Mortgagor to Secure Husband's Debts—Usury—B. and L. Association.*

1. Where the husband is a borrower and incorporator of a Building and Loan Association and his wife joins him in a mortgage of her land to secure the debt, while she incurs no personal liability, yet she occupies the relation of surety to the extent of her mortgaged property.

2. The wife cannot sue the Association, or recover by way of counter-claim for usurious interest not paid by her.

CIVIL ACTION to foreclose a mortgage, tried before *Adams, J.,* at the Superior Court, February Term, 1898, of SAMPSON County.

C. T. Butler, one of the defendants, became a corporator and a borrower of the Carolina Inter-State B. and L. Association, and his wife, Ella Lee Butler, also defendant, joined him in a mortgage of her land to secure the debt.

The Association failed and passed into the hands of the plaintiffs, Receivers, duly appointed, who instituted

this action to subject the land to the payment of C. T. Butler's debt—the balance due, after allowance of all deductions by way of payments, forfeitures, fines, &c., being ascertained to be $249.72, and for which judgment was rendered against him.

So far as Mrs. Ella Lee Butler was concerned, his Honor being of opinion that the loan was usurious, that no interest is collectible out of the land, that no deductions from payments to cover losses ought to be made as to her, and that she was entitled to be credited for the purpose of discharging the mortgage lien with twice the amount paid by C. T. Bland within two years, and so holding the said mortgage debt has been paid as to her, it was adjudged that the mortgage deed is fully discharged, and the plaintiffs are directed to cancel the same of record. .

The plaintiffs and the defendant, T. C. Butler, excepted and appealed.

*Messrs. Charles R. Thomas* and *Allen & Dortch*, for appellants.

No counsel *contra*.

FURCHES, J.: It is astonishing to see what amount of litigation can grow out of an insolvent Building and Loan Association. The first case that came before us, growing out of this association, was *Strauss* v. *B. & L. Asso.*, 117 N. C., 308. In that case the Court undertook to mark out the principles upon which the concern should be wound up and settled. And while the principles laid down in that case established the rules upon which the same should be settled, there are still troublesome questions arising all along the line. The last deliverance of this Court upon questions growing out of

the settlement of this insolvent concern is *Meares* v. *Duncan*, at this Term.

That case is only differentiated from this in one respect. In that case Mrs. Duncan was the borrower and one of the incorporators. In this case Mrs. Butler was not the borrower, and was not one of the incorporators, but her husband was the incorporator and borrower, and she mortgaged her land as security for the payment. *Sherrod* v. *Dixon*, 120 N. C., 60. And while Mrs. Butler is under no personal obligation to the plaintiff association, by reason of her mortgage, she occupies the relation of surety to the extent of her mortgaged property. *Sherrod* v. *Dixon, supra; Hinton* v. *Greenleaf*, 113 N. C., 6; *Smith* v. *B. & L. Asso.*, 119 N. C., 257; *Hedrick* v. *Byerly*, 119 N. C., 420.

But these authorities only go to the extent of relieving the surety where the principal debtor is relieved, and to the extent of his relief. Or where the plaintiff has done something that releases the surety (or security) from the payment of the debt. Such as extending the time of payment without the consent of the surety or the lapse of time, under the plea of the statute of limitations, or a tender of payment, or where the creditor has done something that the surety has a right to plead as a defence, independent of the rights of the principal.

In this case the principal is not entitled to this defence, as is shown in *Meares* v. *Duncan, supra*. If he was it would enure to the benefit of the wife's security, as in *Smith* v. *B. & L. A., supra*.

Nor is it a defence that the surety is entitled to plead and set up as a counter-claim, as she would have the right to plead the statute of limitations, or the extension of time or the tender of payment. It is not claimed that a greater rate of interest is charged in this case

than six per cent. Nor is it claimed that any payments made, whether as fines, fees or assessments, have not been allowed the defendants by plaintiff. But it is alleged by defendant that these payments when made, were upon a usurious contract, and that she (the surety) is entitled to set them up as counter-claims, under the Statute. In this she is mistaken. The statute does not so provide.

*The Code*, Section 3836, provides that "In case a greater interest has been paid (than six per cent.) *the person by whom it has been paid*, or his legal representative, may recover back, in an action of debt, twice the amount of interest paid." (The italics are ours.) The case states that what has been paid on this debt was paid by the principal (C. T. Butler) and not by the wife. This right, whether by action or by way of counter-claim, is purely statutory. *Roberts* v. *Insurance Co.*, 118 N. C., 429, and Mrs. Butler has no cause of action—could not sue the Association and recover for usurious interest not paid by her, and cannot recover by way of counter-claim, which is in effect a cross action.

This case is distinguishable from *Smith* v. *B. & L. Asso.*, *supra*. The principle question decided in that case was that a tender of payment had been made by the principal and refused, which released the surety though it did not release the principal debtor. That was a case where the creditor by his act had released the surety and which she had the right to plead independent of the principal, as she would the statute of limitations.

The other was the recovery of double the amount of usurious interest by the husband *who paid it*. And of

course when he recovered this it enured to the benefit of his surety.

There is no conflict in this opinion and that of *Smith* v. *B. & L. Asso.*, *supra.* There is error in the judgment appealed from, in that it discharged the mortgage.

The plaintiffs, upon the facts found, are entitled to a judgment of foreclosure of the mortgage for the satisfaction of their judgment.

Error—reversed.