IREDELL MEARES and P. B. MANNING, Receivers of The Carolina
Inter-state Building and Loan Association, v. J. M. FAIRLEY,
Trustee, and THE MONROE LAND AND IMPROVE-
MENT CO., *et al.*

(Decided May 22, 1900.)

*Corporation Borrowing Money From Building and Loan Association—Lossage by Lender—Contribution by Borrower—Judicial Decisions in Other States.*

1. As a general rule, in the absence of an express provision in its char-
   ter, a corporation is not authorized to take stock in another cor-
   poration.

2. Where, however, in the course of business a corporation becomes the
   holder of stock in another corporation, e. g., a Building and Loan
   Association, which becomes insolvent, it may be held liable on the
   same, as an incorporator, in the association issuing the stock.

3. Where the defendant, the borrowing corporation, authorized its trus-
   tee, who held title to its lands, to borrow money, which he did,
   and his company received and used it, but in order to effect the
   loan for the money ($3,000), he had to subscribe for thirty
   shares of stock in the B. and L. Association, and give a note
   secured by mortgage on the lands held in trust, he becomes an
   incorporator, and the debt becomes his as well as his company's,
   and he becomes liable for his part of the loss, which must be
   accounted for before he can be credited with payments made;
   and the mortgage is bound for whatever he is bound for.

4. The decisions of the highest court of a sister State are entitled to all
   due respect, but are not controlling as precedents.

CIVIL ACTION to foreclose land mortgage, tried before
*McNeill, J.,* at August Term, 1899, of UNION Superior Court.
Jury trial waived; facts found by his Honor.    Upon the
facts found, judgment of foreclosure was rendered, and
defendants excepted and appealed.

The facts are sufficiently stated in the opinion.

*Messrs. Adams & Jerome,* for appellant.

*Messrs. R. B. Redwine, E. S. Martin,* and *Burwell, Walker & Cansler,* for appellee.

FURCHES, J.    The plaintiffs are the receivers of the "Carolina Interstate Building & Loan Association," and the defendants are the Land and Improvement Company—J. M. Fairley, J. W. Townsend, S. S. Brown, O. W. Carr, F. C. Beard, S. A. Burke, and A. P. Rhyne.

The facts are found by the Judge by consent of plaintiffs and defendants, and among other facts, he finds that the plaintiffs are the duly appointed receivers of the Carolina Interstate Building and Loan Association, which had become insolvent, and that the Monroe Land and Improvement Company is a corporation; that the defendant J. M. Fairley is the trustee of said corporation, holding the title to the land hereinafter mentioned, for the benefit of the defendant corporation; that the defendant corporation being in need of money, by resolution, authorized its trustee, Fairley, to borrow for its benefit, $3,000; that under the authority conferred by this resolution, the said Fairley, as trustee and agent of the defendant corporation, on the 11th day of April, 1892, made arrangements with the Building and Loan Association to borrow that amount.    In order to enable him to get this money, he had to subscribe for thirty shares of stock in the Building and Loan Association, and become a member of the same.    In other words, he had to become one of the incorporators of the said Association, which he did, and the Association issued to him a certificate for thirty shares of stock of the par value of $100 per share, aggregating the sum of $3,000.    And upon this certificate the Building and Loan Association loaned him $3,000.

To secure the payment of this money, the certificate of

stock was assigned to the Association, and deposited with it as collateral security.

The defendant, the Land and Improvement Co., J. W. Townsend, J. M. Fairley, S. S. Brown, O. W. Carr, F. C. Beard and L. A. Burke, on the 5th day of May, 1895, made and executed their bond and obligation to the Building and Loan Association for the $3,000. And on the same day (May 5) the defendant corporation, the Land and Improvement Company, executed its mortgage upon the land heretofore mentioned as being held in trust by the defendant Fairley for the benefit of said Land and Improvement Company, as additional security for the payment of this loan. A large balance of the money so borrowed remains due and unpaid, and this action is brought to foreclose the mortgage.

These are substantially the facts in the case necessary to be considered in determining the rights of the parties.

The defendants admit that the Land and Improvement Company is liable for the balance of the $3,000 at 6 per cent interest, giving it credit for all it has paid thereon; and defendants admit that the mortgage is liable as security for what the Land and Improvement Company is liable for.

But the defendants contend that the Land and Improvement Company is not an incorporator in the Building and Loan Association, and therefore, is not liable for the 30 per cent of lossage, which it has been found to be necessary to restore the capital and equalize the losses sustained by the Building and Loan Association. The defendants say that the Land and Improvement Company is not, as a matter of fact, one of the Building and Loan incorporators. But as there is no express provision in its charter authorizing it to take stock in another corporation, it could not in law do so, if it had attempted to do so. And while this seems to be the general rule, one of the authorities cited by the defendants

in support of this position, holds that where a corporation in the course of its business has become the holder of such stock, it may be held to be liable on the same, in case of insolvency of the company issuing the stock. *California Bank v. Kennedy,* 167 U. S., 362. And it would seem that under the authority of this case, treating Fairley as the agent, the Land and Improvement Company could be held liable for this loss of 30 per cent. And it is admitted that the mortgage is liable for whatever sum the Land and Improvement Company is liable.

But there is another principle involved in this action, which, to our minds, clearly makes the defendant corporation and the mortgage liable for the demand of the plaintiffs, including the 30 per cent.

The defendant corporation, by resolution, authorized and empowered its trustee, who held the legal title to its land, to borrow this money for its use and benefit. Under this power and authorization, he borrowed the money, and the defendant corporation received and used it. And we must suppose that it was properly borrowed and legitimately used. To enable the trustee and agent of the defendant to borrow this money, he had to subscribe for thirty shares of stock in the Building and Loan Association, and thereby become one of the corporators of said Association, and he and the defendant company, and a number of other persons, executed a bond obligating and promising to pay the Building and Loan Association this debt. It therefore became the debt of the defendant Fairley as well as that of the defendant company. And as he is one of the corporators and liable for his part of the loss, this must be accounted for before he can be credited with the payments that have been made. *Meares v. Duncan,* 123 N. C., 203.

This being a debt of the defendant Fairley (though as be-

MEARES *v.* IMPROVEMENT CO.

tween the defendants he is a surety), makes no difference so far as the plaintiff is concerned; and the mortgage is bound for whatever he is bound for. *Meares v. Butler,* 123 N. C.,206.

The matter of usury, as between the corporators of this Building and Loan Association, has been discussed and decided by this Court so many times that we can not afford to enter upon a discussion of the matter again. This must be considered as settled. If there are any errors in the computation of interest or the equalization of the losses, they should of course, be corrected.

We think every principle involved in this case has been settled by the various opinions of this Court, in cases arising out of the settlement of the insolvent Building and Loan Association of Wilmington.

It is claimed that the Supreme Court of South Carolina, in the case of *Meares v. Finlayson,* 32 S. E. Rep., 986, has decided this question, or one similar to it, different from what we have held in the cases of *Meares v. Duncan,* and *Meares v. Butler, supra,* and other cases referred to. But upon examining the case of *Meares v. Finlayson,* we find that it is principally put upon a South Carolina statute, and may be correct as a South Carolina decision. But the case of *Meares v. Finlayson* is not the case we have under consideration, and it is not our purpose to review that case. It can not have the authority of a precedent, but only such weight as it is entitled to as the opinion of the highest court of a sister State. We can not adopt it in this case, without overruling at least a half dozen of our own decisions, which we do not care to do, as they seem to us to be based upon justice, equity and sound reasoning.

The judgment appealed from is
Affirmed.

DOUGLAS, J., dissents.