CRUTCHFIELD v. HUNTER, RECEIVER.

(Filed April 11, 1905).

*Banks—Receiver—Creditor's Suit.*

Where a bank failed and a receiver was appointed at the instance of a creditor in an action brought in behalf of himself and all other creditors, the plaintiff cannot maintain an action against the receiver to recover a deposit, but his remedy is to file a petition in the original cause.

ACTION by George P. Crutchfield against T. A. Hunter, Receiver of the Bank of Guilford, heard by *Judge T. J. Shaw* and a jury, at the Special January Term, 1905, of the Superior Court of GUILFORD County.

This was an action commenced on the 4th day of December 1903 to recover a debt. The plaintiff submitted to a non-suit upon an intimation of the court that the debt was barred by the statute of limitations and appealed.

*E. J. Justice* for the plaintiff.

*Scales, Taylor & Scales* and *J. N. Wilson* for the defendant.

BROWN, J. The plaintiff was a depositor with the Bank of Guilford, and on the 31st day of July, 1898, deposited with it $290 and took a receipt from the cashier therefor on one of the deposit slips of the bank. He has not been given credit for this deposit on his account with the bank and never has been credited with it, or had it paid to him in any

settlement with the bank or in any other way. The bank failed, and on the third day of January 1899 a receiver was appointed to take charge of its assets, at the instance of a creditor in an action brought on behalf of himself and all other creditors.

This action cannot be maintained. The remedy of the plaintiff is to file his petition in the original cause wherein a receiver was appointed. Upon the hearing of his petition and the answer of the receiver thereto, the pleas raised will be adjudicated. The case of *Dobson v. Simonton,* 93 N. C., 268 is "on all fours" and the opinion presents a full discussion of the subject.

Let this action be dismissed without prejudice.

Dismissed.