NEILL BLACK v. CONSOLIDATED RAILWAY AND POWER
COMPANY AND W. D. McNEILL, RECEIVER.

(Filed 3 April, 1912.)

**Courts — Regularity of Proceedings — Presumptions — Receivers— Permission of Courts to Sue—Interpretation of Statutes.**

When it appears from the record that an action has been instituted against a corporation, and after several months a receiver of the defendant has, upon motion, been made a party defendant, without anything to show when the receivership was granted, the judgment of the lower court in overruling a demurrer to the complaint, upon the grounds that it is not alleged that permission to sue the receiver had been obtained from the court, nor that the claim had been filed, etc., will be sustained, every presumption being in favor of the regularity of the proceedings in the Superior Court, and that its judgment was authorized by law. The statutory powers and duties of receivers of insolvent corporations relative to the courts' discretion for "good cause shown" to allow suits against them, discussed by ALLEN, J.

APPEAL from *Whedbee, J.,* at October Term, 1911, of CUM-BERLAND.

This action was commenced on 22 July, 1909, against the Consolidated Railway and Power Company, successor to Little River Power and. Transportation Company, and is to recover judgment for the value of certain material which the plaintiff alleges he furnished the defendants for the purpose of building a power-house and repairing a dam, and to enforce a lien therefor.

The complaint was filed on 10 August, 1909, and no answer was filed by the defendant.

At May Term, 1910, of the Superior Court of Cumberland County, an order was made in said action, giving permission to make W. D. McNeill, receiver of the Consolidated Railway and Power Company, a party defendant, and summons was duly served on him in May, 1910.

On 9 September, 1910, the plaintiff filed an amended complaint, alleging the appointment of McNeill, receiver, the service of the summons on him, and adopting the allegations of the original complaint.

At May Term, 1911, of said court said receiver filed a demurrer to the complaint upon the following grounds:

First. That said complaints do not state a cause of action, for that, as appears on the face thereof, the property which the plaintiff seeks to subject to the payment of his alleged debt is in the hands of a duly appointed and acting receiver.

Second. That said complaints fail to state a cause of action, in that it appears upon the face thereof that said action is an attempt upon the part of the plaintiff to interfere with property in the hands of a duly appointed and acting receiver.

Third. That said complaints do not state a cause of action, for the reason that it does not appear upon the face thereof that plaintiff obtained permission of the court appointing the receiver to make him a party defendant herein.

Fourth. That said complaints do not state a cause of action, because the plaintiff fails to allege therein that he obtained permission of the court appointing said receiver in the cause or action in which he was appointed to make him a party defendant herein.

Fifth. That said complaints do not state a cause of action, for the reason that plaintiff fails to allege therein that he obtained, before the institution of this action and in the cause in which the receiver was appointed, the permission of the court to sue the receiver.

Sixth. That said complaints do not state a cause of action, in that there is no allegation that plaintiff has ever presented his claim in writing to the receiver of the defendant company, or that said receiver ever passed on same and reported his finding thereon to any term of Superior Court, or that the plaintiff has ever excepted to a finding and report on said claim by the receiver and demanded a jury trial thereon.

Seventh. That said complaints do not state a cause of action, for the reason that it does not appear therein that the lumber alleged to have been furnished was furnished to the receiver in or for the operation of the property in his hands as receiver.

Eighth. That said complaints do not state a cause of action, because there is no allegation therein that the lumber alleged to have been furnished by plaintiff was furnished with the understanding between plaintiff and defendant company that same was to be used in building or repairing buildings on the purchaser's land or otherwise improving the same.

The demurrer was overruled, and the receiver excepted and appealed.

*No counsel for plaintiff.*
*R. W. Herring and Sinclair & Dye for defendant.*

ALLEN, J. Every presumption is in favor of the regularity of the proceedings in the Superior Court, and that the judgment rendered is one authorized by law, and as there is nothing in the record to show the date of the appointment of the receiver, or to indicate that he was not appointed after the commencement of the action, we must assume that the action was commenced when there was no receiver—if necessary to sustain the judgment.

The dates of the several steps taken in the action would also seem to justify us in doing so. The action was commenced against the corporation in July, 1909, and no answer was filed

suggesting a reason for not proceeding against it, and the application to make the receiver a party was not until May, 1910—a period of ten months having elapsed after the commencement of the action, during which the receiver could have been appointed.

As it does not appear that the corporation was in the hands of a receiver at the institution of the action, the demurrer was properly overruled, the plaintiff having the right upon these facts to proceed against the corporation, and it being competent to make the receiver a party defendant. High on Receivers, sec. 258.

It was not only within the power of the court to direct that the receiver be made a party, but it was proper to do so in view of the fact that the Revisal, sec. 1224, vests in him the title to all the property of the corporation, and it is made his duty under section 1227 *et seq.* of the Revisal to investigate all claims against the corporation for the purpose of protecting creditors and stockholders.

If the fact was otherwise, and it appeared that the receiver had been appointed prior to the commencement of the action, we would hold that the action could not be maintained on the allegations of the complaint as they now are.

The Revisal, sec. 1219 *et seq.*, regulating the appointment of receivers of insolvent corporations, clearly contemplates the settlement of all questions involving claims against the corporation in one action, and while we do not think it withdraws from the court of equity the power to permit a separate action to be prosecuted, this should not be done until the receiver has at least had the opportunity to pass on the claim.

By section 1227 the receiver is given power "to send for persons and papers, and to examine any persons, including the creditors and claimants, and the president, directors, and other officers and agents of the corporation, on oath or affirmation (which oath or affirmation the receiver may administer), respecting its affairs and transactions, and its estate, money, goods, chattels, credits, notes, bills, and also respecting its debts, obligations, contracts, and liabilities, and the claims against it; and if any person shall refuse to be sworn or affirmed, or to

make answers to such questions as may be put to him, or refuse to declare the whole truth touching the subject-matter of the said examination, the court may, on report of the receiver, commit such person as for contempt."

By section 1228 it is provided that "The court may limit the time within which creditors shall present and make proof to such receiver of their respective claims against the corporation, and may bar all creditors and claimants failing to do so within the time limited from participating in the distribution of the assets of the corporation. The court may also prescribe what notice, by publication or otherwise, shall be given to creditors of such limitation of time," and by sections 1229 and 1230: "Every claim against an insolvent corporation shall be presented to the receiver in writing; and the claimant, if required, shall submit himself to such examination in relation to the claim as the receiver shall direct, and shall produce such books and papers relating to the claim as shall be required; and the receiver shall have power to examine, under oath or affirmation, all witnesses produced before him touching the claims, and shall pass upon and allow or disallow the claims or any part thereof, and notify the claimants of his determination. It shall be the duty of such receiver to report to the term of the Superior Court subsequent to any finding by him as to any claim against the corporation, and exceptions thereto may be filed by any person interested, within ten days after notice of such finding by the receiver, and not later than within the first three days of the said term; and if, on any exception so filed, a jury trial shall be demanded, it shall be the duty of the court to prepare a proper issue and submit the same to a jury; and if such demand is not made in the exceptions to the report the right to a jury trial shall be deemed to have been waived. The judge may, in his discretion, extend the time for filing such exceptions."

It is the purpose of these sections to save expense and to avoid needless litigation and costs, and to this end it is required that every claim against the corporation shall be presented to the receiver, and he is given full power to investigate. *Pelletier v. Lumber Co.,* 123 N. C., 601; *Crutchfield v. Hunter,* 138 N. C., 54.

If he disallows a claim, the claimant may except and have his rights passed on by a jury, which gives him all the advantages of a separate action; and if he recommends payment, the court will usually act favorably on his report, and the costs of a separate action will be saved.

We are, therefore, of opinion that when a receiver has been appointed before the commencement of the action the plaintiff must allege and prove that he had presented his claim to the receiver and it had been disallowed, and that he had obtained permission from the court to institute a separate action, which ought not to be granted as a matter of course, but for good cause shown.

This will enable the court having jurisdiction of the appointment of the receiver and the administration of the assets of the corporation to have before it the claims of all parties, and to consider the receivership as a whole.

No definite rule can be adopted as to what is "good cause," but the place where the cause of action arose, venue, the convenience of witnesses, additional costs, and other circumstances, addressed to the discretion of the court, should be considered.

We have been induced to consider this question, which is not directly presented, because of an expression in the brief of the appellant, indicating that the receiver in this case had been appointed when the action was commenced; but for the reasons first stated the judgment is

Affirmed.