J. S. ALFORD v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 18 May, 1932.)

1. **Master and Servant F a—No award had been made in this case and joinder of insurer as party plaintiff in employee's action was error.**

    An award under the Workmen's Compensation Act as contemplated by section 58 thereof is a present determination of a claim of an employee after a hearing, and the award must be in writing and be accompanied by a statement of the findings of fact and rulings of law and other matters pertinent to the question at issue, and must be filed in the record of the proceedings before the Industrial Commission, and an alleged agreement for compensation, between the insurer and an injured employee which agreement has not been passed upon by the Industrial Commission, is not an award under the act, and the insurer executing the agreement is not entitled to subrogation under section 11 of the act and may not intervene as a party plaintiff in the employee's action against a third person.

2. **Appeal and Error J d—It will be assumed that court had facts before it sufficient to support its order for joinder of receiver as party.**

    Where the trial judge has allowed a motion to make the receivers of a defendant corporation a party defendant in an action for damages, it will be assumed, nothing to the contrary appearing, that there were facts before the court sufficient to justify his order, and *Held:* the joinder of the receivers was proper if they had been appointed subsequent to the institution of the action.

CIVIL ACTION, before *Small, J.,* at September Term, 1931, of FRANKLIN. The plaintiff instituted this action against the defendant, alleging that he suffered a personal injury due to the negligent operation of certain box cars. An answer was filed denying the allegations of negligence, and thereafter the defendant filed a plea in abatement and motion to dismiss. In substance the plea in abatement alleges that the plaintiff at the time of his injury was an employee of W. H. Griffin Company, and that he and the employer had accepted the provisions of the Workmen's Compensation Act. In support of the plea the defendant offered in evidence an "agreement for compensation for disability, dated 31 May, 1930." This purported agreement was set forth upon a prepared form showing that the date of the injury was 18 March, 1930, and that the average weekly wages of the employee was $35.00 per week. It was further agreed that the employer should pay to the plaintiff employee a certain compensation therein specified. On the same day the sum of $148.50 was paid to the plaintiff.

The compensation agreement was duly filed with the Industrial Commission, but said Commission did not approve the same. When the

cause came on to be heard the Indemnity Insurance Company of North America appeared and filed a petition setting out that it was the insurer of the plaintiff, and that it had paid out the sum of $148.50 as compensation together with a medical bill of $20.00, and requesting that it be permitted to intervene as party plaintiff in the cause. The trial judge denied the plea in abatement, allowed the petition of the insurance carrier to become a party, and granted the motion of the plaintiff, making the receivers of the defendant parties to the action.

From the judgment so rendered the defendant appealed.

*Yarborough & Yarborough, Cooley & Bone and Battle & Winslow for plaintiff and Indemnity Insurance Company of North America.*
*Murray Allen for defendant.*

BROGDEN, J. Does the compensation agreement constitute an award within the meaning of section 11 of the Compensation Act?

This suit was instituted on 4 April, 1930, to recover damages for personal injury. Subsequently, to wit, on 31 May, 1930, a compensation agreement was filed with the Industrial Commission, but said Commission either failed or declined to approve the same. Section 11 of the Compensation Act permits an employee to recover damages for injury against "a third person or persons before an award is made under this act and prosecute the same to its final determination; but either an acceptance of an award hereunder, or the procurement of a judgment in an action at law shall be a bar to proceeding further with alternate remedy." The question then arises: What is an award as contemplated by the statute? Section 58 prescribes the legal essentials of an award. An award is conceived by the statute to be a present determination of the merits of the claim after a hearing of the parties and their witnesses. It must be "filed with the records of proceedings, and copy of the award shall immediately be sent to the parties in dispute." Consequently the award must be in writing and in controverted cases must be accompanied by "a statement of findings of fact, rulings of law and other matters pertinent to the questions at issue." Manifestly no award has been made to the plaintiff.

While the terms of the statute are plain, it is perhaps not amiss to note that courts in other jurisdictions have held that a compensation agreement filed but not approved does not constitute an award. See *Brown v. R. R., ante,* 256; *Bruce v. Stutz Motor Co.,* 148 N. E., 161; *American Mutual Life Ins. Co. v. Hamilton,* 135 S. E., 21.

By virtue of the express terms of the statute the right of the carrier does not arise until an award has been made. Hence the trial judge erred in permitting the carrier to become a party to the action.

. It is contended that it was error to make the receivers of defendant parties to the suit. Apparently the suit was begun before receivers were appointed for the defendant. However, it is to be assumed in the absence of facts to the contrary that the judgment was supported by the facts before the court at the time. Moreover if the action was commenced before receivers were appointed, it was entirely proper that they should be made parties. *Black v. Power Co.,* 158 N. C., 468, 74 S. E., 468.

Modified and affirmed.