BUNCOMBE COUNTY ET AL. v. GURNEY P. HOOD, COMMISSIONER OF BANKS, AND UNITED STATES GUARANTEE COMPANY.

(Filed 15 June, 1932.)

1. **Banks and Banking H d—Claim against receiver of insolvent bank must be filed and refused before institution of action thereon.**

The Commissioner of Banks is in the nature of a statutory receiver of an insolvent bank when he has taken over its assets for the purpose of liquidation, and it is required that a depositor or claimant against the bank's assets in his hands must file his claim with the Commissioner and afford him an opportunity to pass thereon before bringing suit, and where the complaint fails to allege the filing of the claim with the Commissioner and his refusal thereof, it fails to state a cause of action against him, and his demurrer to the complaint is properly sustained.

2. **Removal of Causes C b—Complaint stated no cause of action against resident defendant and motion for removal of nonresident was properly allowed.**

Where an action is brought against the resident Commissioner of Banks and a nonresident insurance company to recover the amount deposited by a county in a bank prior to its insolvency and to recover on the depository bond executed by the insurance company, and the complaint fails to state a cause of action against the Commissioner because of its failure to allege a filing of the claim with him and his refusal thereof, the Commissioner's demurrer is properly sustained, and the motion of the nonresident defendant for removal to the Federal Court is properly allowed.

APPEAL by plaintiffs from *Sink, J.,* at January Term, 1932, of BUNCOMBE. Affirmed.

This action was begun in the General County Court of Buncombe County, on 14 September, 1931. After the complaint was filed, and in apt time, the defendant, United States Guarantee Company, filed its petition in said court for the removal of the action from said General County Court of Buncombe County to the District Court of the United States for the Western District of North Carolina, for trial.

The action is to recover on a bond in the sum of $30,000. The bond is dated 21 June, 1930. It was executed by the Central Bank and Trust Company of Asheville, N. C., as principal, and the United States Guarantee Company, as surety, and is payable to Buncombe County. The condition of the bond is that the Central Bank and Trust Company "shall faithfully keep, account for, and pay on legal demand all moneys deposited with it by or on behalf of the said Buncombe County, and shall not suspend payment of any moneys so deposited."

It is alleged in the complaint that on 20 November, 1930, the Central Bank and Trust Company closed its doors, and suspended payment to its depositors; that on said day, the plaintiff, Buncombe County, had on deposit with said Central Bank and Trust Company, in the name of its treasurer, the sum of $2,991,402.62; and that since the closing of said Central Bank and Trust Company, the plaintiff, Buncombe County, has collected from certain securities held by it for its said deposit, the sum of $50,409.93, leaving the amount now due said plaintiff, on account of said deposit, the sum of $2,940,992.69.

Prior to the commencement of this action, the defendant, Gurney P. Hood, Commissioner of Banks of the State of North Carolina, took into his possession all the assets of the Central Bank and Trust Company, on hand at the date the said company closed its doors and ceased to do business. The said defendant is now engaged in the liquidation

of the Central Bank and Trust Company, as he is authorized and directed to do by chapter 113, Public Laws of North Carolina, 1927. It is not alleged in the complaint that prior to the commencement of this action, the plaintiffs presented their claim against the Central Bank and Trust Company, on account of said deposit, to the defendant, Gurney P. Hood, Commissioner of Banks, and that said defendant, after considering said claim, rejected it. The said defendant in his answer to the complaint admitted all the allegations therein, and in his further answer, in support of his prayer that the action be dismissed as to him, alleged that the action was improvidently begun by the plaintiffs, for that prior to its commencement, plaintiffs had not complied with the provisions of chapter 113, Public Laws of North Carolina, 1927. N. C. Code of 1931, sec. 218(c), subsections (10) and (11).

The plaintiff, Buncombe County, is a body politic, incorporated under the laws of the State of North Carolina, and as such it may sue and be sued; its coplaintiffs are the treasurer of Buncombe County, and the board of financial control of said county. All of the plaintiffs are citizens of the State of North Carolina.

The defendant, Gurney P. Hood, Commissioner of Banks, is a citizen of the State of North Carolina, and as such he may sue or be sued in his official capacity; his codefendant, United States Guarantee Company, is a corporation organized under the laws of the State of New York, and duly licensed to do business in the State of North Carolina. The said defendant is not, and never has been a citizen of the State of North Carolina.

The action was heard by the judge of the Superior Court of Buncombe County, on the appeal of the defendant, United States Guarantee Company, from the order of the judge of the General County Court of said county, denying its petition for the removal of the action from said County Court to the District Court of the United States for the Western District of North Carolina, for trial.

From judgment reversing the order of the judge of the General County Court, and ordering the removal of the action in accordance with the petition of the defendant, United States Guarantee Company, the plaintiffs appealed to the Supreme Court.

*Jones & Ward and Clinton K. Hughes for plaintiffs.*
*John Izard and Harkins, Van Winkle & Walton for defendant.*

CONNOR, J. Plaintiffs cannot maintain this action against the resident defendant, Gurney P. Hood, Commissioner of Banks, for the reason that it is not alleged in the complaint that prior to the commencement

of the action, plaintiffs presented their claim against the Central Bank and Trust Company, to said defendant, and that said defendant rejected said claim.

No action or suit to recover on a claim against an insolvent banking corporation, organized under the laws of this State, can be maintained against the Commissioner of Banks, where said Commissioner has taken into his possession the assets of such corporation, and is engaged in its liquidation, as he is authorized and directed to do by chapter 113, Public Laws of North Carolina, 1927 (N. C. Code of 1931, sec. 218(c), until such claim has first been presented to said Commissioner and rejected by him. The statutory provision to this effect is in accord with the decision of this Court in *Crutchfield v. Hunter,* 138 N. C., 54, 50 S. E., 557. In that case it was held that where a bank failed, and a receiver was appointed at the instance of a creditor in an action brought in behalf of himself and all other creditors, the plaintiff, a depositor of the insolvent bank, cannot maintain an action against the receiver to recover his deposit. Plaintiff's remedy was to file a petition in the original cause. The principle on which the appeal in that case was decided is approved in *Black v. Power Co.,* 158 N. C., 468, 74 S. E., 468. In that case it is said that the statute regulating the appointment of receivers of insolvent corporations, clearly contemplates the settlement of all questions involving claims against the corporation in one action, and that while the statute does not withdraw from a court of equity the power to permit a separate action to be prosecuted, this should not be done until the receiver has at least had the opportunity to pass on the claim. Where the Commissioner of Banks has taken into his possession the assets of an insolvent banking corporation, organized under the laws of this State, and is engaged in the liquidation of said corporation, under the provisions of chapter 113, Public Laws, 1927, his relationship to the corporation, and to its debtors and creditors, with respect to its assets, is that of a receiver. N. C. Code of 1931, sec. 218(e).

As no cause of action is alleged in the complaint on which the plaintiffs can recover jointly of the resident and of the nonresident defendant, the nonresident defendant has the right under the act of Congress, to remove the action from the State Court to the District Court of the United States for trial. *Simmons v. Ins. Co.,* 196 N. C., 667, 146 S. E., 569. There is no error in the judgment ordering the removal of the action in accordance with the petition of the defendant, United States Guarantee Company. The judgment is

Affirmed.