MRS. R. A. CHILD v. GURNEY P. HOOD, COMMISSIONER OF BANKS OF THE STATE OF NORTH CAROLINA, EX REL. FIRST BANK AND TRUST COMPANY OF HENDERSONVILLE, N. C.

(Filed 7 December, 1932.)

**Banks and Banking H d—Claim against insolvent bank must be first presented to Commissioner of Banks before he may be sued thereon.**

In order to bring an action against the Commissioner of Banks to recover on a claim against an insolvent bank whose assets have been taken over by him, the plaintiff must allege that the claim had been presented to the Commissioner and that he had refused payment. N. C. Code, 218(c).

CHILD v. HOOD, COMR. OF BANKS.

APPEAL by defendant from *Schenck, J.,* at May Civil Term, 1932, of HENDERSON. Reversed.

This is an action for actionable fraud instituted by plaintiff against the First Bank and Trust Company of Hendersonville, N. C., now being liquidated by Gurney P. Hood, Commissioner of Banks, alleging damage. The plaintiff contends that she was defrauded out of $3,476.70 by the First Bank and Trust Company of Hendersonville, N. C., through its cashier J. Mack Rhodes. She also alleges "That the said sum of $3,476.70 so wrongfully and fraudulently obtained from the petitioner as hereinbefore alleged augmented the cash assets of the said First Bank and Trust Company, in the said sum of $3,476.70, and that at all times from 13 September, 1928, to 19 November, 1930, the said bank had on hand cash assets largely in excess of said sum and that the respondent Commissioner and his liquidating agent received from the said bank cash largely in excess of the sum sued for in this action."

Gurney P. Hood, Commissioner of Banks of the State of North Carolina, has been duly made a party defendant, in accordance with the statute. The defendant demurred to the complaint on several grounds, the one we are now considering is: "The defendant demurs *ore tenus* to the complaint, for that said complaint fails to state any cause of action, in that it appears: That the plaintiff failed to allege that the claimant, Mrs. R. A. Child, has presented her claim to the liquidating agent, or Commissioner of Banks, and that same has been rejected, as required by section 218(c), subsections (10) and (11), Consolidated Statutes: That as a prerequisite to the right to maintain this action, the plaintiff was required to present her claim to the liquidating agent."

*Sheldon M. Roper, Lincolnton, N. C., and C. D. Weeks, Hendersonville, N. C., for plaintiff.*
*Redden & Redden for defendant.*

PER CURIAM. In *Buncombe County v. Hood, Commissioner of Banks,* 202 N. C., at p. 795, speaking to the subject, is the following: "No action or suit to recover on a claim against an insolvent banking corporation, organized under the laws of this State, can be maintained against the Commissioner of Banks, where said Commissioner has taken into his possession the assets of such corporation, and is engaged in its liquidation, as he is authorized and directed to do by chapter 113, Public Laws of North Carolina, 1927 (N. C. Code of 1931, sec. 218(c), until such claim has first been presented to said Commissioner and rejected by him." The decision, *supra,* was filed 15 June, 1932, and the demurrer in the present action was heard at May Civil Term, 1932, of Henderson

County Superior Court. The learned judge who decided the present action did so before the above decision was rendered. On authority of the above decision, the demurrer in the present action is sustained. The judgment overruling the demurrer in the court below is

Reversed.