In re CENTRAL BANK AND TRUST COMPANY OF ASHEVILLE,
NORTH CAROLINA.

(Filed 21 March, 1934.)

1. **Appeal and Error A f: Banks and Banking H c—Held: court gave
   implied authority to receiver of insolvent bank to appeal.**

   Objection that the statutory receiver of an insolvent State bank has
   no right of appeal to the Supreme Court from an adverse judgment of the
   Superior Court without the. approval of the court is untenable when it
   appears that the Superior Court judge gave at least implied authority for
   appeal by, approving the agreement of the parties as to what should con-
   stitute the case on appeal after notice of appeal by the receiver. C. S., 632.

2. **Same—The statutory receiver of an insolvent bank may appeal from
   an adverse judgment without approval of the court.**

   The authority and duties of the statutory receiver of an insolvent State
   bank to defend and prosecute actions involving the management and dis-
   tribution of the bank's assets in course of liquidation are derived under
   the statute itself, and it is devolved upon the receiver to take such action
   as will preserve the rights of those in interest as may be proper, by appeal
   from an adverse ruling of the Superior Court or otherwise.

3. **Banks and Banking H e—Interest may not be allowed on preferred
   claim subsequent to statutory receiver's possession of assets of bank.**

   Where there is a judgment that the statutory receiver of an insolvent
   bank allow plaintiff's claim as a preference with other preferred claims
   against the insolvent bank, such claimant is entitled to dividends, when
   declared, calculated upon the principal sum due together with interest
   from the date of the bank's wrongful conversion of the fund to the date
   the receiver took possession of the bank's assets, but claimant is not en-
   titled to have interest on the 'fund after the receiver's possession in-
   cluded in calculating the amount of his dividend. In this case claimant
   did not except to the provision of the judgment that the same rate of
   interest should be allowed on the claim as claimant was receiving on the
   bonds converted, and *semble* otherwise 6 per cent interest might have been
   allowed.

Appeal by respondent, the Commissioner of Banks, from *Schenck, J.,*
at January Term, 1934, of Buncombe. Reversed.

The above entitled cause was heard on the petition of the First Na-
tional Bank and Trust Company, as receiver and trustee of the Central
Securities Company of Asheville, Incorporated, for an order directing
the Commissioner of Banks, who is now liquidating the assets of the
Central Bank and Trust Company of Asheville, N. C., to pay divi-
dends which have been or shall be declared by him on the principal
amount of its claim with interest at 4¼ per cent per annum, from 30
September, 1930, to the dates of such dividends.

The Commissioner of Banks has heretofore paid two dividends—one
of 20 per cent and the other of 10 per cent—on claims against the

Central Bank and Trust Company, which have been allowed by him or adjudged by the court as preferred claims. The assets of the Central Bank and Trust Company are not sufficient in amount for the payment in full of all the preferred claims against the Central Bank and Trust Company. No assets are now or will be available for the payment of any dividend on claims which are not entitled to preference. All the assets will be exhausted in the payment of dividends on preferred claims.

The Commissioner of Banks has paid, and unless ordered by the court, will continue to pay dividends on the principal amount of petitioner's claim, with interest at $4\frac{1}{4}$ per cent per annum, from 30 September, 1930, to 19 November, 1930, the latter being the date on which the Commissioner of Banks took possession of the Central Bank and Trust Company, because of its insolvency. The petitioner's claim is founded on a judgment which it recovered against the Commissioner of Banks, in the Superior Court of Buncombe County, and which was affirmed, on defendant's appeal, by the Supreme Court. See *Bank v. Hood*, 204 N. C., 351, 168 S. E., 528. This judgment is for $117,500, with interest at $4\frac{1}{4}$ per cent per annum from 30 September, 1930. The judgment was rendered on a cause of action which arose out of the wrongful and unlawful conversion by the Central Bank and Trust Company, on or about 30 September, 1930, of United States Liberty Bonds of the par value of $117,500, bearing interest at $4\frac{1}{4}$ per cent per annum. The said bonds were owned by the Central Securities Company of Asheville, Incorporated, and were held in trust for said Securities Company by the Central Bank and Trust Company. The claim of the petitioner for damages resulting from the wrongful and unlawful conversion of said bonds was adjudged a preferred claim against the Central Bank and Trust Company, and was ordered paid by the Commissioner of Banks, out of the assets of the Central Bank and Trust Company which had or should come into his hands, as such. The claim has no priority over other preferred claims against the Central Bank and Trust Company.

On the facts found by the court, to which there were no exceptions, it was ordered that the respondent Commissioner of Banks be and he was directed to pay to the petitioner dividends of 20 per cent and of 10 per cent on the amount which was due as interest on the principal of petitioner's claim from 19 November, 1930, to the dates of the dividends theretofore paid by him, respectively. It was further ordered that for the purpose of determining the amount of petitioner's claim on which future dividends shall be paid, the Commissioner of Banks shall compute interest at the rate of $4\frac{1}{4}$ per cent per annum on the principal of said claim from 30 September, 1930, to the date of each dividend, and add the amount of such interest to the said principal. From this order, the Commissioner of Banks appealed to the Supreme Court.

*Alfred S. Barnard for petitioner.*
*Johnson, Smathers, Rollins & Uzzell and C. I. Taylor for respondent.*

CONNOR, J. The record in this proceeding shows that the respondent Commissioner of Banks duly excepted to the order of the court, and gave due notice of his appeal from said order to this Court; that, with the approval of the court, it was agreed that the notice of appeal, the petition of the petitioner and the answer of the respondent, and the order of the court, containing its findings of fact, should constitute the case on appeal for this Court; and that it was adjudged by the court that an appeal bond in the sum of $50.00 was sufficient.

In this Court, the appellee contends that the appellant Commissioner of Banks had no interest which was affected by the order of the court, and was therefore not a person aggrieved by the order. For this reason, it is argued that the Commissioner of Banks had no right to appeal from the order, and that his appeal should be dismissed. C. S., 632. The appellee relies on the principle that a receiver, being an officer of the court, has no right, in the absence of authority from the court by which he was appointed, to appeal from an order instructing him with respect to the performance of his duties as a receiver, 23 R. C. L., 133. This principle has been recognized by this Court in *Bank v. Bank,* 127 N. C., 432, 37 S. E., 461, and in *Strauss v. Loan Association,* 118 N. C., 556, 24 S. E., 116. If the principle is applicable at all to the Commissioner of Banks, who is a statutory receiver of insolvent banks doing business in this State (*Blades v. Hood,* 203 N. C., 56, 164 S. E., 828, *Buncombe County v. Hood,* 202 N. C., 792, 164 S. E., 370), it is not applicable in the instant case, for the reason that the record shows that the exception to the order was noted, and the appeal was taken, with the approval of the court. The appeal entries in the record justify the inference that the appeal was authorized by the court, if its authority was required.

The Commissioner of Banks, when engaged in the liquidation of the assets of an insolvent bank, as authorized by statute, does not derive his power or his authority from the court. His power and authority, both to take possession of an insolvent bank, and to liquidate its assets for distribution among its creditors according to their respective rights, are derived from the statute. Chapter 113, Public Laws of 1929, as amended by chapter 243, Public Laws of 1931. In a proper case, it is both his right and his duty to appeal from the order or the judgment in an action or proceeding to which he is a party. The contention of the appellee in the instant case, that the Commissioner of Banks has no right to prosecute his appeal in this Court is not sustained. The purpose of the statute is to secure an equitable distribution of the assets of an insolvent bank among its creditors in accordance with their respective

rights. An order or judgment which defeats this purpose is erroneous and will be reversed by this Court in the exercise of its appellate jurisdiction.

The rule approved generally by the courts, with respect to the computation of interest on claims against an insolvent person or corporation which are to be paid out of the assets of such person or corporation, is that "in the distribution of the estate of an insolvent, interest should be computed to the time of the institution of insolvency proceedings upon all debts drawing interest either by agreement of the parties, or as legal damages for nonpayment." 32 C. J., 884.

This is the rule which was applied by the Commissioner of Banks in the instant case, and is, we think, not only a practical but a just rule. There was error in the order directing the Commissioner of Banks to disregard this rule in the instant case. It may be that the petitioner would have been entitled to interest on the amount of his damages for the wrongful and unlawful conversion of the Liberty Bonds at 6 per cent per annum. It did not, however, except to the judgment by which interest at only 4¼ per cent was allowed. The judgment is therefore conclusive in all respects on both the petitioner and the respondent. The order is

Reversed.