This is an action to recover on certain bonds executed by the Central Bank and Trust Company of Asheville, N.C. as principal, and by the defendants, severally, as sureties. By the terms of each of said bonds the principal and the surety named therein became bound unto Plato Ebbs, treasurer of the North Carolina Park Commission, an agency of the State of North Carolina, or his successors, in the penal sum of said bond. Each of the bonds sued on in this action was conditioned as follows:
"Whereas the above bound Central Bank and Trust Company was designated by the North Carolina Park Commission as a depository of funds belonging to the North Carolina Park Commission;
"Now, the condition of the above obligation is such that if the above bound Central Bank and Trust Company shall well and faithfully pay over and upon demand of said Plato Ebbs, treasurer of the North Carolina Park Commission, or his successors, all moneys belonging to said Plato D. Ebbs, treasurer of the North Carolina Park Commission, or to those to whom he may from time to time, personally or as treasurer of the North Carolina Park Commission, by check or draft, or bill of exchange, direct payment to be made, all moneys which the said Plato D. Ebbs, as treasurer of the North Carolina Park Commission, may deposit with said Central Bank and Trust Company, or which may in any manner come into its custody or possession while acting as said depository, or which may be received by it by virtue of its being said depository, then this obligation to be void; otherwise to remain in full force and effect."
The following stipulation with respect to its cancellation appears in each of said bonds: *Page 727 
"It is mutually agreed and understood between all parties hereto that if the principal or surety hereto shall so elect, this bond may be cancelled at any time by giving thirty days' notice, in writing, to the said Plato D. Ebbs, treasurer of the North Carolina Park Commission, or his successors, and to the other party hereto, and this bond shall be deemed canceled at the expiration of said thirty days, the surety remaining liable for all and any act covered by this bond which may have been committed by the Central Bank and Trust Company up to the date of said cancellation, under the terms, conditions, and provisions of this bond, and the surety shall, upon its release from all liability hereunder, refund the premium paid, less a pro rata part thereof for the time this bond shall have been in force."
The issues submitted to the jury were answered as follows:
"(1) Did the Central Bank and Trust Company of Asheville, as principal, and the defendant United States Guarantee Company, as surety, execute and deliver to Plato D. Ebbs, treasurer, North Carolina Park Commission, their bond in the sum of $25,000 to secure deposit of funds of plaintiffs in the said Central Bank and Trust Company of Asheville, as alleged in the complaint? Answer: `Yes.'
"(2) Did the Central Bank and Trust Company of Asheville, as principal, and the defendant United States Guarantee Company, as surety, execute and deliver to Plato D. Ebbs, treasurer of North Carolina Park Commission, their bond in the sum of $150,000, as alleged in the further and second answer, cross-bill, and counterclaim of the defendant, United States Guarantee Company, to secure deposits of funds of plaintiffs in the said Central Bank and Trust Company of Asheville, N.C.? Answer: `Yes.'
"(3) Did the Central Bank and Trust Company of Asheville, as principal, and the defendant the Metropolitan Casualty Insurance Company of New York, as surety, execute and deliver to Plato D. Ebbs, treasurer of North Carolina Park Commission, their bond in the sum of $50,000 to secure deposits of funds of plaintiffs in the said Central Bank and Trust Company of Asheville, as alleged in the complaint? Answer: `Yes.'
"(4) Did the Central Bank and Trust Company of Asheville, as principal, and the defendant the Century Indemnity Company, as surety, execute and deliver to Plato D. Ebbs, treasurer of North Carolina Park Commission, their bond in the sum of $100,000 to secure deposits of funds of plaintiffs in the said Central Bank and Trust Company of Asheville, as alleged in the complaint? Answer: `Yes.'
"(5) Were the several bonds aforesaid, executed and delivered by the defendants herein as sureties, to secure a common fund in the Central Bank and Trust Company of Asheville, N.C. deposited in said bank *Page 728 
by Plato D. Ebbs, treasurer of North Carolina Park Commission? Answer: `Yes.'
"(6) What sum, if any, of the said funds of the plaintiffs were on deposit in the Central Bank and Trust Company in the name of Plato D. Ebbs, treasurer of North Carolina Park Commission, on 19 November, 1930, at the time the Central Bank and Trust Company closed its doors for the transaction of business, and placed its affairs with the North Carolina Corporation Commission for liquidation? Answer: `$326,106.70.'
"(7) By what amount, if any, has said sum been reduced by the application of collateral other than the depository bonds aforesaid? Answer: `$53,300.55.'
"(8) What amount, if any, has been paid by the United States Guarantee Company on account of the depository bonds executed by the Central Bank and Trust Company as principal, and the said United States Guarantee Company as surety, securing said deposits of the funds of the plaintiffs deposited in the name of Plato D. Ebbs, treasurer of North Carolina Park Commission, in the Central Bank and Trust Company, Asheville, N.C. and on what date was said payment made? Answer: `$150,000. Paid 19 May, 1931.'
"(9) Was the condition of the bond of the Century Indemnity Company breached by the failure of the Central Bank and Trust Company to account for and pay over the funds of the plaintiffs deposited therein in the name of Plato D. Ebbs, treasurer of North Carolina Park Commission, as alleged in the complaint? Answer: `Yes.'
"(10) Were the conditions of the several bonds of the other defendants, as above set forth, breached by the failure of the Central Bank and Trust Company to account for and pay over the funds of the plaintiffs deposited therein in the name of Plato D. Ebbs, treasurer of North Carolina Park Commission, as alleged in the complaint, and in the further answer, cross-bill, and counterclaim of the defendant United States Guarantee Company? Answer: `Yes.'
"(11) What amount, if any, of the said funds of the plaintiffs on deposit in the Central Bank and Trust Company of Asheville, at the time of its closing on 19 November, 1930, remains due and unpaid to the plaintiffs? Answer: `$122,716.35.'
"(12) Was the said bond of the defendant Century Indemnity Company canceled by mutual consent, as alleged in the answer of the said defendant? Answer: `No.'"
On the verdict judgment was rendered as follows:
"This cause coming on to be heard, and being heard at the January Special Term, 1934, of the Superior Court of Wake Superior Court, before his Honor, G. Vernon Cowper, judge duly commissioned to hold said *Page 729 
court, and duly presiding and holding said court, and a jury, and a jury having answered the issues submitted to them as set out in the record;
"And it appearing to the court from the allegations and admissions in the pleadings, and the verdict of the jury, that there was on deposit in the Central Bank and Trust Company of Asheville, N.C. on 19 November, 1930, when said bank discontinued its business, and was taken over for liquidation by the North Carolina Corporation Commission, to the credit of Plato D. Ebbs, treasurer of the North Carolina Park Commission, of the funds of the plaintiffs, a balance of $326,016.70, the same being the fund secured by the depository bonds hereinafter referred to, and the collateral security hereinafter referred to, which said sum was later reduced by the sale of certain collateral securing the same to $272,716.35;
"And it further so appearing to the court that at the time said bank closed, 19 November, 1930, there were in effect, securing said deposit, depository bonds, with said bank as principal and the defendants, respectively, as sureties on their respective bonds, as follows:
 Bond of the Century Indemnity Company ............ $100,000.00 Bond of United States Guarantee Company ........... 150,000.00 Bond of United States Guarantee Company ............ 25,000.00 Bond of Metropolitan Casualty Ins. Co. of N.Y. .... 50,000.00 ---------- Total ............................................ $325,000.00
"And it further so appearing to the court that on 19 May, 1931, the defendant United States Guarantee Company paid to the North Carolina Park Commission the sum of $150,000, in full satisfaction and discharge of its liability under its said bond of $150,000;
"Now, therefore, it is considered, ordered, and adjudged:
"That the plaintiffs State of North Carolina and North Carolina Park Commission have and recover of the several defendants, respectively, the amounts of their respective unsatisfied bonds, to wit: that the plaintiffs have and recover of the defendant the Century Indemnity Company the sum of $100,000; that the plaintiffs have and recover of the defendant United States Guarantee Company the sum of $25,000; and that the plaintiffs have and recover of the defendant the Metropolitan Casualty Insurance Company of New York the sum of $50,000, all to be discharged, however, upon the payment to the plaintiffs of the sum of $122,716.55, the recovery of the plaintiffs as herein adjudged, not to be in any way affected by the provisions of this judgment, as hereinafter set forth, as to the rights and liabilities of the several codefendants among themselves. *Page 730 
"Of such last-named sum, as between the several defendants, the defendants the Century Indemnity Company and the Metropolitan Casualty Insurance Company of New York are liable for the payment of aliquot parts, respectively, the liability of each of the defendants the Century Indemnity Company and the Metropolitan Casualty Insurance Company, respectively, being a sum equal to the proportion of $272,716.35 that each of said bonds in effect at the time said bank closed, including the $150,000 bond of the United States Guarantee Company, bears to the aggregate amount of all of said bonds, to wit: $325,000; so that the aliquot part for which the said Century Indemnity Company is liable is 100,000/325,000 of $272,716.35, which is $83,912.72; and the aliquot part for which said Metropolitan Casualty Insurance Company is liable is 50,000/325,000 of $272,716.35, which is $41,956.36, and the United States Guarantee Company is liable for nothing to its codefendants, having paid to the plaintiffs $3,152.73 more than the amount which was its aliquot share.
"It is further considered, ordered, and adjudged that the defendant United States Guarantee Company have and recover of the defendants the Century Indemnity Company and the Metropolitan Casualty Insurance Company of New York the sum of $3,152.73, and any amount paid to the plaintiffs or received by the plaintiffs in excess of the amount herein recovered by them and due therein upon this judgment shall be held in trust by the said plaintiffs, and shall be by said plaintiffs paid over to said defendant United States Guarantee Company, not exceeding, however, the sum of $3,152.73.
"It is further considered, ordered, and adjudged that any one of the defendants which shall have paid, or shall pay, any sum in excess of its aliquot part for which it is liable, as between the defendants, as hereinabove provided, shall have and recover of any and all defendants which shall have failed, or shall fail, to pay its or their said respective aliquot parts, the amount of such excess payment, provided that no defendant shall be liable to any other defendant for any sum in excess of its aliquot part as hereinabove provided; and
"It is further considered, ordered, and adjudged by the court that the said sum of $122,716.35 above named, the payment whereof is required as a condition for the discharge of the sum recovered upon the bonds of the defendants, shall bear interest from date of this judgment (6 January, 1934) at the rate of six per centum per annum until paid; and
"It is further considered, ordered, and adjudged that the plaintiffs have and recover of the defendants the costs of this action, to be taxed by the clerk." *Page 731 
From the foregoing judgment both the plaintiffs and the defendant the Century Indemnity Company appealed to the Supreme Court.
The contentions of the plaintiffs on their appeal to this Court (1) that there was error in the refusal of the judge of the Superior Court to sign the judgment tendered by the plaintiffs at the trial of this action, providing that the sum of $122,716.35 shall bear interest from the date of the commencement of the action, to wit: 23 December, 1931; and (2) that there is error in the judgment as signed providing that said sum shall bear interest from the date of the judgment, to wit: 6 January, 1934, cannot be sustained.
The jury, under instructions by the court, to which the plaintiffs did not except, in answer to the 11th issue, found that the amount now due by the Central Bank and Trust Company to the plaintiffs, on account of deposits made in said Bank and Trust Company of money belonging to the plaintiffs, is $122,716.35. The Central Bank and Trust Company was declared insolvent on 19 November, 1930. Its assets, now in the possession of the Commissioner of Banks for liquidation, are not sufficient to pay its liabilities in full. For this reason, none of its creditors are entitled to recover interest on their claims since 19 November, 1930. In re TrustCompany, 206 N.C. 251, 173 S.E. 340. The defendants, as sureties of the Central Bank and Trust Company, under their several bonds, are liable to the plaintiffs only for the amount for which the Central Bank and Trust Company is liable to them. This amount as found by the jury is $122,716.35. The plaintiffs are entitled to recover interest on this amount only from the date of the judgment, C. S., 2309. If the Central Bank and Trust Company, the principal in the bonds sued on, was liable for interest on the amount now due to the plaintiffs, then the defendants, as sureties on the several bonds sued on in this action, would also be liable for interest: Provided, however, the amount due, plus interest, did not exceed the penal sum of the bond in which the defendants are severally sureties. The measure of the surety's liability is the liability of the principal, provided such liability does not exceed the penal sum of the bond. S. v. Martin,188 N.C. 119, 123 S.E. 631.
The contention of the defendant Century Indemnity Company on its appeal to this Court that there was error in the instruction of the trial *Page 732 
court to the jury with respect to the 12th issue cannot be sustained. The burden of this issue was on the defendant Century Indemnity Company. The trial court instructed the jury that if they believed all the evidence and found the facts to be as all the evidence tended to show, they would answer the 12th issue "No."
There was no evidence at the trial tending to show that Plato D. Ebbs, treasurer of the North Carolina Park Commission, was authorized to consent on behalf of the plaintiffs to the cancellation of the bond executed by the Century Indemnity Company, or that he did consent to such cancellation.
The evidence offered by the defendant Century Indemnity Company tended to show that the bond which it had executed as surety for the Central Bank and Trust Company, on 22 July, 1929, was returned to said defendant at its home office in Hartford, Connecticut, through the mail, on or about 15 July, 1930, by the Central Bank and Trust Company, and that said bond had been delivered to the Central Bank and Trust Company by Plato D. Ebbs on 15 July, 1930. There was no evidence tending to show that when the bond was delivered to the Central Bank and Trust Company, at its request, by Plato D. Ebbs, he consented to its cancellation by the defendant Century Indemnity Company. There was evidence tending to show that on or about 24 May, 1930, the defendant requested the Central Bank and Trust Company to return the bond for cancellation, but there was no evidence tending to show that the defendant at any time advised Plato D. Ebbs, personally or as treasurer of the North Carolina Park Commission, that it wished to be relieved of its liability on account of the bond. After the bond had been returned to the defendant by the Central Bank and Trust Company, the defendant mailed a letter addressed to Plato D. Ebbs, treasurer of the North Carolina Park Commission, at Raleigh, N.C. advising him that the bond had been returned to the defendant for cancellation, and requesting him to confirm its cancellation. The defendant received no reply to this letter, although there was evidence tending to show that the letter was received by Plato D. Ebbs. The defendant then, without further action, placed the bond in its file for canceled bonds, where it remained until the trial of this action.
Other assignments of error relied on by the defendant on its appeal have been considered. None of them can be sustained. In view of the answer of the jury to the 12th issue, we do not deem it necessary to discuss these assignments of error. The judgment is affirmed.
No error in either appeal. *Page 733