GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. NORTH CAROLINA BANK AND TRUST COMPANY, v. R. T. PITTMAN AND HIS WIFE.

(Filed 18 March, 1936.)

**Banks and Banking H d—Defendant may set up counterclaim in action by Commissioner of Banks without showing that notice of claim was given.**

While, in an action against the Commissioner of Banks on a claim against a bank in course of liquidation, it is necessary that plaintiff allege and prove demand on defendant for the payment of the claim, in an action instituted by the Commissioner of Banks on a note executed to the bank by defendants, defendants may set up breach of contract by the bank resulting in unliquidation damages as an offset against the note sued on without showing that notice of the claim was given, prior to the institution of the action, to the bank or the liquidating agent.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Moore, Special Judge,* at April Term, 1935, of EDGECOMBE. No error.

This is an action to recover on a note executed by the defendants and payable to the order of the North Carolina Bank and Trust Company.

The defendants admitted the execution of the note sued on and pleaded as a counterclaim to said note damages which they had sustained, as the result of the breach of a contract by which the North Carolina Bank and Trust Company had agreed to advance to the defendant R. T. Pittman the sum of $1,000, to enable the said defendant to cultivate a farm in Edgecombe County during the year 1933.

The issues submitted to the jury were answered as follows:

"1. In what amount are the defendants indebted to the plaintiffs on account of the note sued on? Answer: '$1,468, with interest from 28 February, 1933.'

"2. Did the plaintiff North Carolina Bank and Trust Company breach its contract with the defendant R. T. Pittman? Answer: 'Yes.'

"3. If so, what damages has the defendant R. T. Pittman sustained by reason of said breach? Answer: '$775.00.' "

From judgment that plaintiffs recover of the defendants the sum of $820.09, and the costs of the action, the plaintiffs appealed to the Supreme Court, assigning as errors the overruling of their demurrer to the answer, and the refusal of the trial court to allow their motion for judgment as of nonsuit on defendants' counterclaim.

*Gilliam & Bond for plaintiffs.*
*H. D. Hardison and H. H. Philips for defendants.*

CONNOR, J. Neither of the assignments of error on this appeal can be sustained.

The demurrer was properly overruled. There was no error in the refusal of the trial court to allow plaintiffs' motion for judgment as of nonsuit on defendants' counterclaim.

Neither *Buncombe County v. Hood, Comr.,* 202 N. C., 792, 164 S. E., 370, nor *Child v. Hood, Comr.,* 203 N. C., 648, 166 S. E., 809, is applicable to the instant case. In each of those cases the plaintiff had failed to allege in his complaint that he had made demand on the defendant for the payment or allowance of his claim before the commencement of the action. On demurrer to the complaint, it was held that such failure was fatal. The instant case was begun by the Commissioner of Banks. The defendants were not required to allege in their answer or to show at the trial that they had given notice to the plaintiffs of their claim for unliquidated damages, resulting from breach of contract, which included the execution of the note sued on, prior to the commencement of the action. See *Sugg v. Greenville,* 169 N. C., 606, 86 S. E., 695.

The judgment is affirmed.

No error.

DEVIN, J., took no part in the consideration or decision of this case.